1 | Laurence M. Rosen, Esq. (SBN 219683)
2 | **THE ROSEN LAW FIRM, P.A.**
 | 355 South Grand Avenue, Suite 2450
3 | Los Angeles, CA 90071
 | Telephone: (213) 785-2610
4 | Facsimile: (213) 226-4684
 | Email: lrosen@rosenlegal.com
5 |
6 | [Proposed] Co-Lead Counsel for Plaintiffs
7 | (*Additional Counsel on signature page*)

8

### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| | No. 5:15-cv-04883-BLF |
| *In re Extreme Networks, Inc. Securities Litigation* | **NOTICE OF MOTION AND MOTION OF WILLIAM REARDON FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| | <u>CLASS ACTION</u> |
| | JUDGE: Hon. Beth Labson Freeman |
| | Hearing Date: May 5, 2016 |
| | Time: 9:00 a.m. |
| | Ctrm: 3-5th Floor (San Jose) |

PLEASE TAKE NOTICE that on May 5, 2016 at 9:00 a.m. before the Honorable Beth Labson Freeman in Courtroom 3-5th Floor, 280 South 1st Street, San Jose, CA 95113, William Reardon, ("Movant") will, and does move this Court for an order granting the Motion: (a) appointing Movant as lead plaintiff; and (b) approving Movant's selection of The Rosen Law Firm, P.A. and Goldberg Law PC as Co-Lead counsel.

This Motion is brought pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), on the grounds (1) that Movant should

NOT. OF MTN. AND MTN. OF WILLIAM REARDON FOR APPT. AS LEAD PLAINTIFF & APPROVAL OF COUNSEL; MEMO OF P&A IN SUPPORT THEREOF-- 5:15-cv-04883-BLF

1   be appointed Lead Plaintiff for the class of securities purchasers of Extreme Networks, Inc. as
2   the Movant has timely made this Motion, has the largest financial interest and otherwise
3   satisfies the pertinent requirements of Federal Rule of Civil Procedure 23; and (2) that Movant's
4   selection of The Rosen Law Firm, P.A. and Goldberg Law PC as Co-Lead should be approved
5   as the firms are well qualified and have extensive experience in cases of this type.

6        In support of this Motion, Movant files herewith a memorandum of points and
7   authorities, the Declaration of Laurence Rosen, and a proposed order.

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

## MEMORANDUM OF POINTS AND AUTHORITIES

William Reardon ("Movant") respectfully submits this memorandum in support of his motion for an Order, pursuant to Section 21D of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

(1)  appointing Movant as Lead Plaintiff for all persons other than defendants who purchased the securities of Extreme Networks, Inc. ("Extreme Networks" or the "Company") between November 4, 2013 and April 9, 2015, inclusive (the "Class Period"), seeking to recover damages caused by Defendants' violations of the federal securities laws (the "Class"); and

(2)  appointing The Rosen Law Firm, P.A. and Goldberg Law PC as Co-Lead Counsel for the Class.

## I.    CLAIMS ASSERTED

On October 23, 2015 the action styled as *Hong v. Extreme Networks, Inc. et al*, Docket No. 5:15-cv-04883 (N.D. Cal. Oct 23, 2015) (the "Hong") was commenced in the U.S. District Court for the Northern District of California on October 23, 2015 against Defendants for claims under Sections 10(b) and 20(a) of the Exchange Act, and Rule 10b-5 promulgated thereunder. That same day, a PSLRA early notice was issued advising potential class members of, among other things, the claims alleged in the action and the 60 day deadline for class members to move this Court to be appointed as lead plaintiff.  A copy of the early notice is attached as Exhibit 1 to the Declaration of Laurence M. Rosen filed herewith ("Rosen Decl." or "Rosen Declaration"). On October 29, 2015, a related action styled as *Kasprzak v. Extreme Networks, Inc. et al,* Docket No. 5:15-cv-04975 (N.D. Cal. Oct 29, 2015) (the "Kasprzak") was subsequently filed in this Court. On December 1, 2015, this Court consolidated the Hong and Kasprzak for pre-trial proceedings before this Court.

The cases allege that during the Class Period, defendants issued materially false and misleading statements Extreme Networks' current financial condition and outlook for fiscal 2015, including, among other things, that the Company's revenue growth depended on the successful integration of Enterasys Networks, Inc., which Extreme Networks had acquired in

2

2013 but had not successfully integrated, which materially impaired the Company's ability to address persisting sales problems.  In addition, Extreme Networks had begun an alliance with Lenovo, but during the Class Period defendants did not have sufficient visibility into Lenovo's server business plans to support the Company's quarterly and fiscal 2015 financial forecasts. As a result of these misrepresentations and/or omissions, Extreme Networks' stock traded at artificially inflated prices during the Class Period, reaching a high of $8.14 per share in intraday trading on January 23, 2014.

Then on April 9, 2015, after the markets closed, Extreme Networks preannounced that it would miss guidance for the third quarter of 2015, reporting revenue of $118-$120 million and earnings per share of ($0.09)-($0.07), significantly below prior guidance of $130-$140 million and ($0.03)-$0.02, respectively.  The Company also announced that trading in its shares had been halted and that Jeff White, the Company's Chief Revenue Officer, who had been hired only six months earlier to manage the integration of the Extreme Networks and Enterasys salesforces, was "no longer with the Company."  On these disclosures, the Company's stock price fell almost 25%, from $3.24 per share to $2.50 per share.

As a result of defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

## ARGUMENT

## II.   MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA sets forth procedures for the selection of Lead Plaintiff in class actions brought under the Exchange Act.  15 U.S.C. § 78u-4(a)(3)(B).  The PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate.  15 U.S.C. § 78u-4(a)(3)(B)(i) and (ii).

The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the "person or group of persons" that:

3

(aa) has either filed the complaint or made a motion in response to a notice . . .;

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002).

As set forth below, Movant satisfies the above criteria, has the largest financial interest of any movant in this litigation, and is therefore the most adequate plaintiff and should be appointed as Lead Plaintiff.

## A.  Movant Is Willing to Serve as Class Representative

Movant has timely filed the instant motion in response to a PSLRA early notice, and has filed herewith a PSLRA certification attesting that he is willing to serve as a representative of the class and is willing to provide testimony at deposition and trial, if necessary. *See* Rosen Decl., Ex. 2.  Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiff for the class.

## B.  Movant Has the Largest Financial Interest in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group … that . . . has the largest financial interest in the relief sought by the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii); *Cavanaugh*, 306 F.3d at 730.  While the PSLRA does not specify precisely how to calculate the "largest financial interest", the movant's approximate losses in the subject securities is the best measure.  *Richardson v. TVIA, Inc.*, 2007 WL 1129341 at * 4 (N.D. Cal. Apr. 16, 2007) (citing cases).

Movant lost $27,710.00 in connection with its purchases of Extreme Networks stock. *See* Rosen Decl., Ex. 3 (Movant's Loss Chart). Movant is not aware of any other movant that has suffered greater losses in Extreme Networks securities during the Class Period. Accordingly, Movant satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the class.

**C.      The Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure**

The PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure."   15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Federal Rule of Civil Procedure Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and  (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

In making its determination that a movant satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification – a *prima facie* showing that the Movant satisfies the requirements of Rule 23 is sufficient. *Cavanaugh*, 306 F.3d at 730-31.  At the lead plaintiff stage, "[t]he typicality and adequacy requirements of Rule 23 are the main focus…" and "[e]xamination of the remaining requirements [of Rule 23] are deferred until the lead plaintiff moves for class certification." *Richardson*, 2007 WL 1129344, at * 4 (citing *Cavanaugh*, 306 F.3d at 730).

Movant fulfills all of the pertinent requirements of Rule 23.  Movant shares substantially similar questions of law and fact with the members of the class, and the Movant's claims are typical of the members of the class.  Movant and all members of the class allege that Defendants violated the Exchange Act by publicly disseminating false and misleading statements about Extreme Networks and its business.  Movant, as did all of the members of the class, purchased Extreme Networks securities at prices artificially inflated due to Defendants' misrepresentations and omissions, and was damaged thereby.  These shared claims also satisfy the requirement that the claims of the representative parties be typical of the claims of the class.

5

1    Thus, the close alignment of interests between Movant and other class members, and

2    Movant's desire to prosecute this action on behalf of the class, provides ample reason to appoint

3    the Movant as Lead Plaintiff.

4    **D.    Movant Will Fairly and Adequately Represent the Interests of the Class and**

5    **Is Not Subject to Unique Defenses**

6    The presumption in favor of appointing Movant as Lead Plaintiff may be rebutted only

7    upon proof "by a purported member of the plaintiffs' class" that the presumptively most

8    adequate plaintiff:

9    (aa) will not fairly and adequately protect the interest of the class; or

10   (bb) is subject to unique defenses that render such plaintiff incapable of

11   adequately representing the class.

12   15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

13   Movant's ability and desire to fairly and adequately represent the class has been

14   discussed in Section C, above.  Movant is not aware of any unique defenses that Defendants

15   could raise against him that would render him inadequate to represent the Class.  Accordingly,

16   the Court should appoint Movant as Lead Plaintiff for the Class.

17   **III.   MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED**

18   The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel,

19   subject to the approval of the Court.  15 U.S.C. § 78u-4(a)(3)(B)(v).  The Court should only

20   interfere with the Lead Plaintiff's selection when necessary "to protect the interests of the

21   class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

22   Movant has selected The Rosen Law Firm, P.A. and Goldberg Law PC as Co-Lead

23   Counsel.  The firms has been actively researching the class' and Movant's claims – reviewing

24   publicly available financial and other documents and gathering information in support of the

25   claims against the Defendants.  Furthermore, the firms are experienced in the area of securities

26   litigation and class actions, having been appointed as lead counsel in securities class actions in

27   this District and in numerous courts throughout the nation.  The firms have prosecuted securities

28   fraud class actions and other complex litigation and have obtained substantial recoveries on

6

NOT. OF MTN. AND MTN. OF WILLIAM REARDON FOR APPT. AS LEAD PLAINTIFF & APPROVAL OF COUNSEL;
MEMO OF P&A IN SUPPORT THEREOF-- 5:15-cv-04883-BLF

behalf of investors. The resumes of The Rosen Law Firm, P.A. and Goldberg Law PC are attached as Exhibits 4 and 5 to the Rosen Declaration.

As a result of the firms' experience in litigation involving issues similar to those raised in this action, Movant's counsel has the skill and knowledge that will enable the firms to prosecute this action effectively and expeditiously.  Thus, the Court may be assured that by approving Movant's selection of Co-Lead Counsel, the members of the class will receive the best legal representation available.

IV.     **CONCLUSION**

For the foregoing reasons, Movant respectfully requests that the Court issue an Order: (1) appointing William Reardon as Lead Plaintiff of the class; (3) approving The Rosen Law Firm, P.A. and Goldberg Law PC as Co-Lead Counsel; and (3) granting such other relief as the Court may deem to be just and proper.


Dated:   December 22, 2015   Respectfully submitted,


                          **THE ROSEN LAW FIRM, P.A.**


                          /s/ Laurence Rosen
                          Laurence M. Rosen, Esq. (SBN 219683)
                          355 South Grand Avenue, Suite 2450
                          Los Angeles, CA 90071
                          Telephone: (213) 785-2610
                          Facsimile: (213) 226-4684
                          Email: lrosen@rosenlegal.com


                          Michael Goldberg, Esq. (SBN 188689)
                          **GOLDBERG LAW PC**
                          13650 Marina Pointe Dr. Suite 1404
                          Marina Del Rey, CA 90292
                          Phone: 1800-977-7401
                          Fax: 1800-536-0065


                          [Proposed] Co-Lead Counsel for Plaintiff

7

1

2

## PROOF OF SERVICE

3      I, Laurence M. Rosen, hereby declare under penalty of perjury as follows:

4      I am the managing attorney of The Rosen Law Firm, P.A., with offices at 355 South

5 Grand Avenue, Suite 2450, Los Angeles, CA 90071.  I am over the age of eighteen.

6      On December 22, 2015, I electronically filed the following **NOTICE OF MOTION**

7 **AND MOTION OF WILLIAM REARDON FOR APPOINTMENT AS LEAD**

8 **PLAINTIFF AND APPROVAL OF COUNSEL; MEMORANDUM OF POINTS AND**

9 **AUTHORITIES IN SUPPORT THEREOF** with the Clerk of the Court using the CM/ECF

10 system which sent notification of such filing to counsel of record.

11      I certify under penalty of perjury under the laws of the United States of America that the

12 foregoing in true and correct.

13      Executed on December 22, 2015.

14

15                                        /s/ Laurence Rosen

16                                        Laurence M. Rosen

17

18

19

20

21

22

23

24

25

26

27

28

NOT. OF MTN. AND MTN. OF WILLIAM REARDON FOR APPT. AS LEAD PLAINTIFF & APPROVAL OF COUNSEL;
MEMO OF P&A IN SUPPORT THEREOF-- 5:15-cv-04883-BLF