BERMAN DEVALERIO
NICOLE LAVALLEE (SBN 165755)
A. CHOWNING POPPLER (SBN 272870)
One California Street, Suite 900
San Francisco, CA  94111
Telephone:  (415) 433-3200
(415) 433-6382 (fax)
Email: nlavallee@bermandevalerio.com
        cpoppler@bermandevalerio.com

*Proposed Liaison Counsel for the Class*

LABATON SUCHAROW LLP
CHRISTOPHER J. KELLER
ERIC J. BELFI
MICHAEL W. STOCKER (179083)
NATALIE M. MACKIEL
140 Broadway
New York, NY  10005
Telephone:  (212) 907-0700
(212) 818-0477 (fax)
Email: ckeller@labaton.com
        ebelfi@labaton.com
        mstocker@labaton.com
        nmackiel@labaton.com

*Counsel for Arkansas Teacher Retirement System
and Proposed Lead Counsel for the Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re EXTREME NETWORKS, INC. SECURITIES LITIGATION,<br><br>This Document Relates to:<br><br>All Actions.<br><br>_____ | Master File No. 15-cv-04883-BLF<br><br><u>CLASS ACTION</u><br><br>**ARKANSAS TEACHER RETIREMENT SYSTEM'S NOTICE OF MOTION AND MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>DATE:      May 5, 2016<br>TIME:      9:00 a.m.<br>CTRM:    3, 5th Floor<br>JUDGE:    Hon. Beth Labson Freeman |

[Master File No. 15-cv-04883-BLF] ARKANSAS TEACHER RETIREMENT SYSTEM'S NOTICE OF MOTION AND MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND FOR APPROVAL OF SELECTION OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................................... ii

I.      STATEMENT OF THE ISSUES TO BE DECIDED ......................................................1

II.     FACTUAL BACKGROUND ............................................................................................3

III.    ARGUMENT ......................................................................................................................4

        A.      Arkansas Teacher is the "Most Adequate Plaintiff" and Should be
                Appointed Lead Plaintiff ......................................................................................4

                1.      Arkansas Teacher Has Satisfied the PSLRA's Procedural
                        Requirements ...............................................................................................5

                2.      Arkansas Teacher Has the Largest Financial Interest in the Relief
                        Sought by the Class .....................................................................................5

                3.      Arkansas Teacher is a Sophisticated Institutional Investor That
                        Satisfies the Requirements of Rule 23 ........................................................6

                        a.      Arkansas Teacher's Claims are Typical of Those of the
                                Class ................................................................................................6

                        b.      Arkansas Teacher Will Fairly and Adequately Protect the
                                Interests of the Class .......................................................................7

        B.      The Court Should Approve Arkansas Teacher's Selection of Counsel ...................9

IV.     CONCLUSION ..................................................................................................................10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aronson v. McKesson*,
   79 F. Supp. 2d 1146 (N.D. Cal. 1999) ......................................................................6

*In re Cavanaugh*,
   306 F.3d 726 (9th Cir. 2002) ..........................................................................4, 5, 9

*In re Cendant Corp. Litig.*,
   264 F.3d 201 (3d Cir. 2001).........................................................................9

*Hanlon v. Chrysler Corp.*,
   150 F.3d 1011 (9th Cir. 1998) ..........................................................................6

*In re Netflix, Inc., Sec. Litig.*,
   No. 12-0225 SC, 2012 WL 1496171 (N.D. Cal. Apr. 27, 2012) ...............................8

*Richardson v. TVIA, Inc.*,
   No. C-06-06304 RMW, 2007 WL 1123944 (N.D. Cal. Apr. 16, 2007)...................................7

*Welgus v. Trinet*,
   No. 15-cv-03625 (BLF), 2015 WL 7770222 (N.D. Cal. Dec. 3, 2015)......................4, 5, 6, 7

*Zucker v. Zoran Corp.*,
   No. C 06-04843 WHA, 2006 WL 3591156 (N.D. Cal. Dec. 11, 2006) ...................................6

**Rules & Statutes**

Fed. R. Civ. P. 23 .......................................................................................... *passim*

15 U.S.C. §78u-4 *et seq.* ........................................................................... *passim*

**Docketed Cases**

*In re Am. Int'l. Grp., Inc. Sec. Litig.*,
   No. 04-cv-8141 (S.D.N.Y.)..........................................................................9

*In re Countrywide Fin. Corp. Sec. Litig.*,
   No. 07-cv-5295 (C.D. Cal.) .........................................................................9

*In re Fannie Mae 2008 Sec. Litig.*,
   No. 08-cv-7831 (S.D.N.Y.)..........................................................................9

*In re Schering-Plough Corp./ENHANCE Sec. Litig.*,
   No. 08-cv-397 (D.N.J.) ..........................................................................8

[MASTER FILE NO. 15-CV-04883-BLF] ARKANSAS TEACHER RETIREMENT SYSTEM'S NOTICE OF MOTION AND MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND FOR APPROVAL OF SELECTION OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

- ii

*In re Williams Sec. Litig.*,
   No. 02-cv-72 (N.D. Okla.) .............................................................................................8

**Other Authorities**

Conference Report on the Private Securities Litigation Reform Act of 1995, H.R.
   Rep. No. 104-369 (1995) *reprinted in* 1995 U.S.C.C.A.N ...................................................8, 9

[MASTER FILE NO. 15-CV-04883-BLF] ARKANSAS TEACHER RETIREMENT SYSTEM'S NOTICE
OF MOTION AND MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND FOR APPROVAL OF
SELECTION OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
THEREOF

- iii

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

Please take notice that on Thursday, May 5, 2016, at 9:00 a.m., or as soon as the matter may be heard, in Courtroom 3 (5th Floor), 280 South 1st Street, San Jose, CA 95113, before the Honorable Beth Labson Freeman, Arkansas Teacher Retirement System ("Arkansas Teacher") will, and hereby does, move this Court for an order: (1) appointing Arkansas Teacher as Lead Plaintiff pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"); and (2) approving Arkansas Teacher's selection of Labaton Sucharow LLP ("Labaton Sucharow") as Lead Counsel on behalf of the proposed Class (as defined herein), and Berman DeValerio as Liaison counsel for the Class.  This motion is made on the grounds that Arkansas Teacher is the "most adequate plaintiff" pursuant to the PSLRA.  *See* 15 U.S.C. §78u-4(a)(3)(B).  In addition, Arkansas Teacher meets the requirements of Federal Rule of Civil Procedure 23(a) because its claims are typical of other class members' claims and it will fairly and adequately represent the Class.  Indeed, Arkansas Teacher is a sophisticated institutional investor with experience supervising the work of outside counsel—precisely the type of lead plaintiff that Congress sought to summon and empower when it enacted the PSLRA.  In support of this Motion, Arkansas Teacher submits herewith a Memorandum of Points and Authorities and the Declaration of Michael W. Stocker ("Stocker Decl.").

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      STATEMENT OF THE ISSUES TO BE DECIDED**

Pending before the Court are consolidated federal securities class actions (the "Action")[1] brought on behalf of all persons (the "Class") who purchased or otherwise acquired the common stock of Extreme Networks, Inc. ("Extreme Networks" or the "Company") between November 4,

---

[1] The Court entered an Order Consolidating Cases on December 1, 2015.  Dkt No. 18.

[MASTER FILE NO. 15-CV-04883-BLF] ARKANSAS TEACHER RETIREMENT SYSTEM'S NOTICE OF MOTION AND MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND FOR APPROVAL OF SELECTION OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1    2013 and April 9, 2015, inclusive (the "Class Period").  The Action charges Extreme Networks and

2    certain of its current and former officers and/or directors with violations of the Exchange Act.

3              Pursuant to the PSLRA, this Court is to appoint the "most adequate plaintiff" to serve as

4    Lead Plaintiff.  15 U.S.C. §78u-4(a)(3)(B)(i).  In that regard, the Court is required to determine

5    which member of the Class has the "largest financial interest" in the relief sought in this litigation,

6    and also whether that movant has made a *prima facie* showing that it is a typical and adequate Class

7    representative under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23").  15 U.S.C. §78u-

8    4(a)(3)(B)(iii)(I).

9              Arkansas Teacher respectfully submits that it should be appointed lead plaintiff on behalf of

10   the putative Class because it has a significant financial stake in the pending litigation, having

11   suffered a loss of approximately $726,143 on its investment in the Company's securities during the

12   Class Period.  Arkansas Teacher also meets the typicality and adequacy requirements set out in Rule

13   23, because its claims are typical of those of absent class members and it will fairly and adequately

14   represent the interests of the proposed Class.  Like the other members of the putative Class,

15   Arkansas Teacher seeks recovery of losses incurred as a result of declines in the price of Extreme

16   Networks securities.  Additionally, Arkansas Teacher is the type of sophisticated institutional

17   investor that Congress intended to empower to lead securities class actions.  Arkansas Teacher

18   oversees more than $14 billion in net assets, and possesses the capability, resources and experience

19   to oversee this complex litigation.  Arkansas Teacher has successfully represented injured investors

20   in securities class actions, and is willing and able to undertake the responsibilities involved in acting

21   as Lead Plaintiff to guarantee the vigorous prosecution of this Action.

22             Finally, the Court should approve Arkansas Teacher's selection of Labaton Sucharow as

23   Lead Counsel on behalf of the Class.  Labaton Sucharow is a nationally recognized securities class

24   action firm that has recovered billions of dollars for the benefit of injured investors, and has the

25   expertise and resources necessary to handle litigation of this scale.

26

27

28   [MASTER FILE NO. 15-CV-04883-BLF] ARKANSAS TEACHER RETIREMENT SYSTEM'S NOTICE
     OF MOTION AND MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND FOR APPROVAL OF
     SELECTION OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
     THEREOF                                                                                           - 2

1    **II.      FACTUAL BACKGROUND**

2         Extreme Networks is a networking hardware and software developer and maintenance

3    services provider.  The Company primarily sells its products through partners to create "bundled"

4    technology solutions for end-user customers.   On September 12, 2013, Extreme Networks

5    announced the acquisition of competitor Enterasys Networks, Inc., ("Enterasys") and set forth a 12-

6    to-24 month road-map to have the two companies "fully integrated."

7         The Action alleges that during the Class Period, the Company made materially false and

8    misleading statements about the progress of its Enterasys integration and resulting impact on the

9    Company's financial results.  The Company also misleadingly touted certain growth projections as a

10   result of a new alliance with Lenovo to bundle Extreme Networks' products with its own.

11   Consequently, Extreme Networks stock traded at artificially inflated prices during the Class Period.

12        Unbeknownst to investors were the following facts: (a) while Extreme Networks' revenue

13   growth depended on successfully integrating Enterasys and especially the Enterasys sales force, the

14   Company was failing to do so; (b) the failure to integrate the sales forces had materially impaired the

15   Company's ability to address persisting problems with "slipping" (i.e. delayed and cancelled) sales,

16   steep discounting, and costs related to inefficiently processed orders; and (c) Extreme Networks had

17   no basis to believe that Lenovo was able to begin selling Extreme Networks' products during the

18   timeframe or in the amounts necessary to support the Company's quarterly and fiscal year 2015

19   financial forecasts.

20        The truth was revealed on April 9, 2015, when Extreme Networks preannounced

21   disappointing results for the third quarter of 2015 ("3Q15"), stating that it expected to report 3Q15

22   revenue of $118-$120 million (compared to prior guidance of $130-$140 million) and earnings per

23   share of $0.03-$0.02 (compared to prior guidance of $0.09-$0.07).  The Company also disclosed that

24   its Chief Revenue Officer, who had been hired six months earlier to manage that Enterasys

25   integration, was "no longer with the Company."

26        In reaction to these disclosures, Extreme Networks' stock price declined $0.74 per share, or

27   22.84 percent, to close at $2.50 per share on April 10, 2015.

28   [MASTER FILE NO. 15-CV-04883-BLF] ARKANSAS TEACHER RETIREMENT SYSTEM'S NOTICE
     OF MOTION AND MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND FOR APPROVAL OF
     SELECTION OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
     THEREOF                                                                                    - 3 -

1   Less than two weeks later, on April 21, 2015, the Company announced that its Chief

2   Executive Officer had resigned and would be replaced by the Company's Chairman.  During the

3   conference call to discuss the Company's official 3Q15 results, Extreme Networks' Chairman

4   admitted that the Enterasys integration had not been successful—leading to sales delays and

5   cancellations, discounting, and increased costs—and that, despite earlier statements indicating that

6   the partnership with Lenovo would provide an additional source of growth, Extreme Networks had

7   no visibility into whether or when its relationship with Lenovo would contribute to revenue.

8   Defendants' misconduct and the revelations thereof have caused Extreme Networks'

9   investors to incur significant losses.

10   **III.   ARGUMENT**

11   **A.   Arkansas Teacher is the "Most Adequate Plaintiff" and Should be
    Appointed Lead Plaintiff**

12   The PSLRA establishes the procedure for selecting a lead plaintiff in "each private action

13   arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal

14   Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(3)(B) (setting forth procedure for selecting lead

15   plaintiff); *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002) (same); *Welgus v. Trinet*, No. 15-cv-

16   03625 (BLF), 2015 WL 7770222, at *1 (N.D. Cal. Dec. 3, 2015) (same).  The PSLRA provides that

17   within 20 days after the date on which a class action is filed, the plaintiff shall cause to be published,

18   in a widely circulated national business-oriented publication or wire service, a notice advising

19   members of the purported plaintiff class of the pendency of the action, the claims asserted therein,

20   and the purported class period.  15 U.S.C. §78u-4(a)(3)(A)(i).  The PSLRA then provides that any

21   member of the purported class may move the court to serve as Lead Plaintiff within 60 days after

22   publication of the required notice.  *See* 15 U.S.C. § 78u-4(a)(3)(A)(i).

23   Next, the PSLRA provides that a court shall adopt a presumption that the "most adequate

24   plaintiff" is the person or group of persons that:  (1) filed a complaint or made a motion to serve as

25   lead plaintiff; (2) has the largest financial interest in the relief sought by the class; and (3) who

26

27

28   [MASTER FILE NO. 15-CV-04883-BLF] ARKANSAS TEACHER RETIREMENT SYSTEM'S NOTICE
     OF MOTION AND MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND FOR APPROVAL OF
     SELECTION OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
     THEREOF                                                                          - 4 -

1    otherwise satisfies the requirements of Rule 23.  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I); *see also*

2    *Cavanaugh*, 306 F.3d at 729-30 (describing PSLRA standards for appointment of lead plaintiff).

3        Arkansas Teacher respectfully submits that it is the presumptive "most adequate plaintiff"

4    because it has complied with the PSLRA procedural requirements, holds the largest financial interest

5    of any known movant, and satisfies Rule 23's typicality and adequacy requirements.

6        **1.    Arkansas Teacher Has Satisfied the PSLRA's Procedural
                  Requirements**

7

8        Arkansas Teacher has filed this motion to serve as lead plaintiff in a timely manner.  On

9    October 23, the Action was filed and notice was published pursuant to 15 U.S.C. §78u-4(a)(3)(A)(i).

10   *See* Stocker Decl., Ex. C.  The notice advised class members of the existence of the lawsuit and

11   described the claims asserted therein.  The notice also advised class members of their right to file a

12   motion to be appointed as lead plaintiff within 60 days of the date of the notice, *i.e.*, on or before

13   December 22, 2015.  Arkansas Teacher has filed its motion within 60 days of the notice.  Therefore,

14   Arkansas Teacher's Motion is filed within the time period prescribed by the PSLRA.

         **2.    Arkansas Teacher Has the Largest Financial Interest in the
15              Relief Sought by the Class**

16       In selecting the presumptive lead plaintiff, the district court "must compare the financial

17   stakes of the various plaintiffs and determine which one has the most to gain from the lawsuit."

18   *Welgus v. Trinet*, 2015 WL 7770222, at *1 (quoting *Cavanaugh*, 306 F.3d at 730).

19       During the Class Period, Arkansas Teacher purchased 336,259 shares of Extreme Networks

20   common stock at artificially inflated prices, and suffered losses of approximately $726,143 on a last-

21   in-first-out (LIFO) basis.  *See* Stocker Decl., Exs. A, B.  Arkansas Teacher is unaware of any other

22   movant with a larger financial interest in the outcome of this action.  Consequently, and because it

23   also satisfies Rule 23's typicality and adequacy requirements, Arkansas Teacher is entitled to the

24   legal presumption that it is the "most adequate plaintiff."  15 U.S.C. §78u-4(a)(3)(B)(iii)(I).

25

26

27

28
     [MASTER FILE NO. 15-CV-04883-BLF] ARKANSAS TEACHER RETIREMENT SYSTEM'S NOTICE
     OF MOTION AND MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND FOR APPROVAL OF
     SELECTION OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
     THEREOF                                                                            - 5 -

### 3.   Arkansas Teacher is a Sophisticated Institutional Investor That Satisfies the Requirements of Rule 23

In addition to the largest financial interest requirement, the PSLRA also directs that the lead plaintiff must "otherwise satisf[y] the requirements of Rule 23." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc).  However, "[a]t the lead plaintiff selection stage, all that is required is a 'preliminary showing' that the lead plaintiff's claims are typical and adequate." *Aronson v. McKesson*, 79 F. Supp. 2d 1146, 1158 (N.D. Cal. 1999) (quoting *Wenderhold v. Cylink Corp.*, 188 F.R.D. 577, 587 (N.D. Cal. 1999).  As detailed below, Arkansas Teacher satisfies the typicality and adequacy requirements of Rule 23(a), and is qualified to be appointed as lead plaintiff in this action.

### a.   Arkansas Teacher's Claims are Typical of Those of the Class

The typicality requirement of Rule 23(a)(3) is satisfied when the plaintiff : "(1) suffered the same injuries as class members; (2) as a result of the same course of conduct; and (3) their claims are based on the same legal issues." *Zucker v. Zoran Corp.*, No. C 06-04843 WHA, 2006 WL 3591156, at *3 (N.D. Cal. Dec. 11, 2006).  In this case, like all other members of the Class, Arkansas Teacher purchased Extreme Networks shares during the Class Period, when Extreme Networks' share prices were allegedly artificially inflated by defendants' misrepresentations, and Arkansas Teacher suffered damages when those misrepresentations came to light.  This Court recently found typicality in substantially similar circumstances.  *See Welgus v. Trinet*, 2015 WL 7770222, at *3 (finding that a movant's claims were typical of those of the class where he "purchased [defendant's] stocks during the Class Period … and [ ] allegedly suffered damages when [the misrepresentations] came to light.")

Because there are well-defined common questions of law and fact involved in this case, the claims asserted by Arkansas Teacher, which is not subject to any unique defenses, are typical of the claims of the members of the proposed class.  *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998) ("Under [Rule 23's] permissive standards, representative claims are 'typical' if they are

[MASTER FILE NO. 15-CV-04883-BLF] ARKANSAS TEACHER RETIREMENT SYSTEM'S NOTICE OF MOTION AND MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND FOR APPROVAL OF SELECTION OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

- 6

1    reasonably co-extensive with those of absent class members; they need not be substantially

2    identical.").

3                        b.      **Arkansas Teacher Will Fairly and Adequately Protect the Interests of the Class**

4

5            The adequacy of representation requirement of Rule 23(a)(4) is satisfied when a

6    representative party establishes that it "will fairly and adequately protect the interests of the class."

7    Fed. R. Civ. P. 23(a)(4).  "The test for adequacy asks whether the lead plaintiff and his counsel 'have

8    any conflicts of interest with other class members' and whether the lead plaintiff and his counsel will

9    'prosecute the action vigorously on behalf of the class.'"  *Welgus v. Trinet*, 2015 WL 7770222, at *3

10   (quoting *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003)).  The adequacy requirement is met

11   if no conflicts exist between the representative's interests and those of the class, and the

12   representative's attorneys are qualified, experienced, and generally able to conduct the litigation.

13   *Richardson v. TVIA, Inc.*, No. C-06-06304 RMW, 2007 WL 1123944, at *4 (N.D. Cal. Apr. 16,

14   2007).

15           Arkansas Teacher will fairly and adequately represent the interests of the proposed Class.

16   Arkansas Teacher suffered substantial losses due to defendants' alleged fraud and, therefore, has a

17   sufficient interest in the outcome of this case to ensure vigorous prosecution of the Action.  Arkansas

18   Teacher's interests are not antagonistic to those of the Class and are clearly aligned with Class

19   members.  Arkansas Teacher's claims share substantially similar questions of law and fact with the

20   claims of members of the proposed class, and its claims are typical of the claims of other members of

21   the Class.

22           Indeed, Arkansas Teacher—a large, sophisticated institutional investor—is precisely the type

23   of investor Congress sought, through the enactment of the PSLRA, to encourage to assume a more

24   prominent role in securities litigation. Headquartered in Little Rock, Arkansas and established in

25   March 1937, Arkansas Teacher is a combination contributory/non-contributory retirement system

26   governed by Arkansas law.  Arkansas Teacher provides retirement, disability, and survivor benefits

27   to employees of Arkansas public schools and educationally related agencies.  As of June 30, 2014,

28   [MASTER FILE NO. 15-CV-04883-BLF] ARKANSAS TEACHER RETIREMENT SYSTEM'S NOTICE
     OF MOTION AND MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND FOR APPROVAL OF
     SELECTION OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
     THEREOF                                                                                    - 7 -

1    Arkansas Teacher managed more than $14.8 billion in net assets on behalf of more than 124,000

2    employees of Arkansas public schools and educationally related agencies.  Arkansas Teacher

3    understands the duties of a lead plaintiff pursuant to the PSLRA, is willing to oversee the vigorous

4    prosecution of the Action, and has pledged to "provid[e] testimony at deposition and trial, if

5    necessary."  Certification, Stocker Decl. Ex. A.

6        Arkansas Teacher's understanding of the responsibilities of a lead plaintiff is based, in part,

7    on its experience prosecuting securities class actions and its demonstrated history of securing

8    significant recoveries on behalf of defrauded investors, which will benefit the Class.  For example,

9    Arkansas Teacher successfully prosecuted *In re Williams Securities Litigation*, No. 02-cv-72 (N.D.

10   Okla.), in which the court specifically selected Arkansas Teacher to replace lead plaintiffs who had

11   withdrawn for undisclosed reasons, and achieved a recovery of $311 million for the class.  Arkansas

12   Teacher also served as co-lead plaintiff in *In re Schering-Plough Corp./ENHANCE Securities*

13   *Litigation*, No. 08-cv-397 (D.N.J.), recovering $473 million for investors.

14       Congress reasoned that increasing the role of institutional investors like Arkansas Teacher

15   would benefit classes of injured investors because investors with a large financial stake are more apt

16   to effectively manage complex securities litigation.  *See* Conference Report on the Private Securities

17   Litigation Reform Act of 1995, H.R. Rep. No. 104-369, at 34 (1995), *reprinted* in 1995

18   U.S.C.C.A.N. 697, 733 ("[C]lass members with large amounts at stake will represent the interests of

19   the plaintiff class more effectively than class members with small amounts at stake.").  To this end,

20   courts have found that the appointment of institutional investors is consistent with the legislative

21   intent of the PSLRA.  *See, e.g., In re Netflix, Inc., Sec. Litig.*, No. 12-0225 SC, 2012 WL 1496171, at

22   *6 (N.D. Cal. Apr. 27, 2012) ("It is beyond dispute that Congress passed the PSLRA in part to

23   encourage institutional investors such as Arkansas Teacher[] to take the lead in private securities

24   class actions.")

25       In sum, Arkansas Teacher has the sophistication, resources, and experience necessary to

26   effectively litigate the Action and supervise counsel.  Accordingly, Arkansas Teacher is the

27   paradigmatic lead plaintiff as contemplated by the PSLRA.

28   [MASTER FILE NO. 15-CV-04883-BLF] ARKANSAS TEACHER RETIREMENT SYSTEM'S NOTICE
     OF MOTION AND MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND FOR APPROVAL OF
     SELECTION OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
     THEREOF                                                                                    - 8 -

### B.      The Court Should Approve Arkansas Teacher's Selection of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel for the class, subject to the court's approval.  *See* 15 U.S.C. §78u-4(a)(3)(B)(v).  "[T]he court should generally employ a deferential standard in reviewing the lead plaintiff's choices."  *In re Cendant Corp. Litig.*, 264 F.3d 201, 274 (3d Cir. 2001).  Courts should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the plaintiff class."  H.R. Conf. Rep. No. 104-369 (1995), at 35, *reprinted in* 1995 U.S.C.C.A.N. at 734; *see also Cavanaugh*, 306 F.3d at 734 ("Selecting a lawyer in whom a litigant has confidence is an important client prerogative and we will not lightly infer that Congress meant to take away this prerogative from securities plaintiffs. And, indeed, it did not.  While the appointment of counsel is made subject to the approval of the court, the Reform Act clearly leaves the choice of class counsel in the hands of the lead plaintiff.").

Here, Arkansas Teacher has selected Labaton Sucharow, highly-qualified counsel, to serve as Lead Counsel for the proposed class.  Labaton Sucharow has significant experience in prosecuting securities class actions and has excelled as lead counsel in numerous landmark securities class actions throughout the United States on behalf of defrauded investors.  Labaton Sucharow served as a lead counsel in *In re American International Group, Inc. Securities Litigation*, No. 04-cv-8141 (S.D.N.Y.), in which it achieved a recovery totaling more than $1 billion for injured investors.  In addition, Labaton Sucharow was a lead counsel in *In re Countrywide Financial Corp. Securities Litigation*, No. 07-cv-5295 (C.D. Cal.), which achieved a settlement of $624 million - one of the largest securities fraud settlements arising from the financial crisis of 2007 and 2008.  Recently, following six years of litigation, as co-lead counsel, Labaton Sucharow achieved a $170 million recovery for investors in *In re Fannie Mae 2008 Securities Litigation*, No. 08-cv-7831 (S.D.N.Y.).  *See* Stocker Decl., Ex. D.

In addition, Arkansas Teacher has selected Berman DeValerio to serve as Liaison Counsel to the Class.  Berman DeValerio is one of the country's premier class action law firms with over 30 years of experience prosecuting securities litigation cases. Since the passage of the PSLRA, Berman

[MASTER FILE NO. 15-CV-04883-BLF] ARKANSAS TEACHER RETIREMENT SYSTEM'S NOTICE OF MOTION AND MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND FOR APPROVAL OF SELECTION OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1    DeValerio has held leadership positions in more than 100 federal securities class actions, recovering

2    billions of dollars on behalf of defrauded investors.

3            Thus, the Court may be assured that by granting this motion and approving Arkansas

4    Teacher's selection of Labaton Sucharow as Lead Counsel and Berman DeValerio as Liaison

5    Counsel, the Class will receive the highest caliber of legal representation.

6    **IV.        CONCLUSION**

7            For the foregoing reasons, Arkansas Teacher respectfully requests that the Court: (1) appoint

8    Arkansas Teacher as Lead Plaintiff; and (2) approve its selection of Labaton Sucharow as Lead

9    Counsel and Berman DeValerio as Liaison Counsel for the Class.

10   DATED:  December 22, 2015                    Respectfully submitted,

11

12

                                                  */s/ Nicole Lavallee*
13                                                BERMAN DEVALERIO
                                                  NICOLE LAVALLEE (SBN 165755)
14                                                A. CHOWNING POPPLER (SBN 272870)
                                                  One California Street, Suite 900
15                                                San Francisco, CA  94111
                                                  Telephone:  (415) 433-3200
16                                                (415) 433-6382 (fax)
                                                   nlavallee@bermandevalerio.com
17                                                cpoppler@bermandevalerio.com

18                                                *Proposed Liaison Counsel for the Class*

19

20                                                LABATON SUCHAROW LLP
                                                  CHRISTOPHER J. KELLER
21                                                ERIC J. BELFI
                                                  MICHAEL W. STOCKER
22                                                NATALIE M. MACKIEL
                                                  140 Broadway
23                                                New York, NY  10005
                                                  Telephone:  (212) 907-0700
24                                                (212) 818-0477 (fax)

25                                                *Counsel for Arkansas Teacher Retirement System*
                                                  *and Proposed Lead Counsel for the Class*
26

27

28   [MASTER FILE NO. 15-CV-04883-BLF] ARKANSAS TEACHER RETIREMENT SYSTEM'S NOTICE
     OF MOTION AND MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND FOR APPROVAL OF
     SELECTION OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
     THEREOF                                                                        - 10 -