LABATON SUCHAROW LLP
Carol C. Villegas (*pro hac vice*)
Alec T. Coquin (*pro hac vice*)
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
(212) 818-0477 (fax)
Email: cvillegas@labaton.com
       acoquin@labaton.com

*Attorneys for Lead Plaintiff and Lead Counsel for the Class*

DLA PIPER LLP (US)
Shirli Fabbri Weiss (Bar No. 079225)
David Priebe (Bar No. 148679)
2000 University Avenue
East Palo Alto, CA 94303-2214
Telephone: (650) 833-2000
Facsimile: (650) 833-2001
Email: shirli.weiss@dlapiper.com
       david.priebe@dlapiper.com

*Attorneys for Defendants*

[Additional counsel on signature page]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re EXTREME NETWORKS, INC. SECURITIES LITIGATION<br><br>This Document Relates to:<br><br>All Actions. | Master File No. 5:15-cv-04883-BLF-HRL<br><br>CLASS ACTION<br><br>**REVISED JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER, INCLUDING HEARING DATES ASSIGNED BY THE COURT ON APRIL 27, 2018**<br><br>JUDGE: Hon. Beth Labson Freeman |

Lead Plaintiff Arkansas Teacher Retirement System ("Arkansas Teacher"), together with Defendants Extreme Networks, Inc. ("Extreme Networks" or the "Company"); Charles W. Berger, Kenneth B. Arola, and John T. Kurtzweil (collectively, "Defendants"), respectfully submit this Revised Joint Case Management Statement and proposed Order ("Revised CMC Statement") in accordance with Federal Rule of Civil Procedure 26(f), the Standing Order for All Judges of the Northern District of California dated January 17, 2017, and Civil Local Rule 16-9. This Revised CMC Statement includes the hearing dates and deadlines assigned by the Court in its Case Management Order dated April 27, 2018 (ECF No. 141) as well as the stipulation and proposed order setting forth a briefing schedule on dispositive motions ordered by the court to be filed by May 11, 2018.  It also contains an extension for Defendants to file an Answer to June 21, 2018, except for a statement of affirmative defenses, which shall be served by May 21, 2018, and minor revisions of discovery cut off dates.

## I.   JURISDICTION & SERVICE

The initial complaint in this action was filed on October 23, 2015. ECF No. 1. The PSLRA provides a process for the Court to appoint a lead plaintiff and the lead plaintiff's counsel. 15 U.S.C. § 78u-4(a)(3)(A)(i)(II). Pursuant to the PSLRA, the Court appointed Arkansas Teacher as Lead Plaintiff, Labaton Sucharow LLP ("Labaton Sucharow") as Lead Counsel, and Berman Tabacco as Liaison Counsel. ECF No. 75. On September 26, 2016, Lead Plaintiff filed its Consolidated Class Action Complaint for Violations of the Federal Securities Laws ("Consolidated Complaint"). ECF No. 87. On April 27, 2017, the Court granted Defendants' motion to dismiss the Consolidated Complaint with leave to amend. ECF No. 102.

On June 2, 2017, Lead Plaintiff filed their Amended Consolidated Class Action Complaint for Violations of the Federal Securities Laws ("Amended Complaint"). ECF No. 105. The Amended Complaint alleges that Defendants violated §§ 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), and that jurisdiction is conferred by § 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. §§ 1331 and 1337(a). On March 21, 2018, the Court issued an order granting in part and denying in part Defendants' motion to dismiss the

Amended Complaint ("March 2018 Order"). ECF No. 130. The Court has personal jurisdiction over Defendants and venue is proper in this judicial district pursuant to Section 27 of the Exchange Act and 28 U.S.C. § 1391(b). Extreme Networks has operations in this district and division, including its principal place of business at 6480 Via Del Oro, San Jose, California 95119. All of the Defendants waived service. ECF Nos. 13-16. There are no additional parties to be joined at this time. However, the parties reserve the right to move to join and to object to any motion to join additional parties in the future, and to file motions to dismiss based on the joinder of any new parties.

## II.     FACTS

**Lead Plaintiff's Statement**

Plaintiffs incorporate by reference the facts as set forth in the Amended Complaint and the Court's Order Granting in Part and Denying in Part Defendants' Motion to Dismiss. ECF No. 130. Generally, Plaintiffs allege that Defendants violated the securities laws when they made false and misleading statements to the market concerning the success of Extreme's post-acquisition integration with its former competitor, Enterasys Networks, Inc.

**Defendants' Statement**

Defendants deny all allegations made against them, and assert that they made no actionable misstatements or omissions and lacked the requisite scienter to give rise to a claim under Sections 10(b) and 20(a) of the Exchange Act, or under Rule 10b-5 promulgated thereunder. Defendants further deny that any alleged misstatements or omissions caused Plaintiffs to sustain damages. In its March 2018 Order, the Court ruled, *inter alia*, that certain challenged statements and alleged omissions failed to state a claim on which relief may be granted. Defendants incorporate by reference the portion of the March 2018 Order granting their motion to dismiss portions of the Amended Complaint.

## III.    LEGAL ISSUES

The parties' identification of legal issues in dispute is as follows:

(a) Whether Defendants' acts violated the federal securities laws, specifically Sections 10(b) and 20(a) of the Exchange Act and Rule 10b-5 promulgated thereunder by the Securities and Exchange Commission, 17 C.F.R. § 240.10b-5, as alleged in the Amended Complaint;

(b) Whether Defendants misrepresented material facts or omitted to state any material facts that were necessary to make their statements not misleading in light of the circumstances under which they were made;

(c) Whether Defendants had a duty to disclose any alleged material omission;

(d) Whether any Defendant acted with scienter in making any alleged misrepresentations or omissions;

(e) Whether the market price of the Company's common stock during the Class Period was artificially inflated due to the alleged material omissions and/or misrepresentations complained of in the Amended Complaint;

(f) Whether Lead Plaintiff and putative class members relied on Defendants' alleged misrepresentations and/or omissions;

(g) Whether the Safe Harbor precludes liability for Defendants' alleged misstatements to the extent they are forward-looking statements;

(h) Whether Defendants acted in good faith with respect to all matters alleged in the Amended Complaint as narrowed by the March 2018 Order, and did not directly or indirectly induce any act or acts constituting a violation of, or cause of action based on, Section 10(b) of the Exchange Act and Rule 10b-5;

(i) Whether the members of the Class have sustained damages, and if so, the proper measure of any such damages;

(j) Whether any of the acts or omissions alleged against Defendants caused damages to plaintiffs;

(k) Other legal issues arising from any affirmative defenses that may be included in Defendants' Answer to be filed by May 21, 2018.

(l) Whether this action is properly maintained as a class action, whether the Lead Plaintiff is a proper representative of such a class, and the scope of such a class.

## IV. MOTIONS

The following motions have been filed in this action:

(a) Four motions for appointment as lead plaintiff were filed on December 22, 2015. ECF Nos. 19, 23, 27, 28. On June 28, 2016, the Court entered an Order appointing Arkansas Teacher as Lead Plaintiff, and appointing Labaton Sucharow as Lead Counsel and Berman Tabacco as Liaison Counsel for the proposed class. ECF No. 75.

(b) Lead Plaintiff filed a Consolidated Complaint on September 26, 2016. Defendants filed a motion to dismiss the Consolidated Complaint on November 10, 2016. ECF No. 89. After briefing on the motion, on April 27, 2017, the Court granted the motion to dismiss the Consolidated Complaint with leave to amend. ECF No. 102.

(c) Lead Plaintiff filed an Amended Complaint on June 2, 2017. Defendants filed a motion to dismiss the Amended Complaint on July 10, 2017. ECF No. 107. After briefing on the motion, on March 21, 2018, the Court denied in part the motion to dismiss the Amended Complaint. ECF No. 130.

(d) There are currently no motions pending before the Court. Lead Plaintiff intends to file a Motion for Class Certification under Rule 23 as set forth below. Otherwise, the Parties believe that, absent the benefit of discovery, it is too early to determine whether they will file any additional motions.

## V. AMENDMENT OF PLEADINGS

Lead Plaintiff filed the Consolidated Complaint on September 26, 2016, ECF No. 87, and the Amended Complaint on June 2, 2017, ECF No. 105. Lead Plaintiff reserves the right to move to amend the Amended Complaint to conform to the evidence uncovered in the course of discovery pursuant to the deadlines set forth below. Defendants reserve the right in the event that Plaintiff moves to amend the Amended Complaint, to move to dismiss or strike any such amended complaint and to seek reformation of this Case Management Order.

## VI. EVIDENCE PRESERVATION

Lead Plaintiff and Defendants certify that their counsel have reviewed the Guidelines for the Discovery of Electronically Stored Information and confirm that they have met and conferred pursuant to Fed. R. Civ. P. 26(f) and will continue to confer regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

## VII. DISCLOSURES

By agreement of the parties, initial disclosures pursuant to Rule 26(a)(1) shall be exchanged as set forth in ¶XVII, below.

## VIII. DISCOVERY

The Parties satisfied their meet-and-confer obligations under Rule 26(f) and Civil Local Rule 16-3 beginning on April 6, 2018 and continue to discuss the contours and scope of merits discovery.

(a) **Depositions and Interrogatories**: The parties agree to meet and confer to determine whether additional depositions are necessary beyond the limits mandated by Federal Rule of Civil Procedure 30. The parties likewise agree to meet and confer if either party believes in good faith that it is necessary to exceed the number of written interrogatories provided under Rule 33.

(b) **Fact Discovery Cutoff**: The cutoff for fact discovery is set forth in ¶XVII, below.

(c) **Protective Order**: The Parties shall continue to meet and confer on the appropriateness of an order regarding the confidentiality and protection of discovery in this action.

(d) **Electronic Discovery**: Document production shall be made, so far as practicable, in electronic, searchable format. The Parties shall continue to confer on protocols for production of ESI. The Parties are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout the matter consistent with this Court's guidelines for the discovery of ESI.

## IX. CLASS ACTIONS

**Lead Plaintiff's Statement**

Lead Plaintiff brings this federal securities class action on behalf of itself and all persons and entities that, during the period from February 5, 2014 through April 9, 2015, inclusive (the "Class Period"), purchased the publicly traded common stock of Extreme and/or exchange-traded options on such common stock, and were damaged thereby (the "Class"). Excluded from the Class are: (i) Defendants; (ii) members of the immediate family of any Defendant who is an individual; (iii) any person who was an officer or director of Extreme during the Class Period; (iv) any firm, trust, corporation, or other entity in which any Defendant has or had a controlling interest; (v) Extreme's employee retirement and benefit plan(s); and (vi) the legal representatives, affiliates, heirs, successors-in-interest, or assigns of any such excluded person.

The members of the Class are so numerous that joinder of all members is impracticable. During the Class Period, Extreme had approximately 94 to 100 million shares of common stock outstanding and actively trading on the NASDAQ with the ticker symbol "EXTR." While the exact number of Class members is unknown to Lead Plaintiff at this time, and can only be ascertained through appropriate discovery, Lead Plaintiff believes that the proposed Class numbers in the thousands and is geographically widely dispersed. Record owners and other members of the Class may be identified from records maintained by Extreme or its transfer agent and may be notified of the pendency of this action by mail, using a form of notice similar to that customarily used in securities class actions.

Lead Plaintiff's claims are typical of the claims of the members of the Class. All members of the Class were similarly affected by Defendants' allegedly wrongful conduct in violation of the Exchange Act.

Lead Plaintiff will fairly and adequately protect the interests of the members of the Class. Lead Plaintiff has retained counsel competent and experienced in class and securities litigation.

       Common questions of law and fact exist as to all members of the Class, and predominate over any questions solely affecting individual members of the Class. The questions of law and fact common to the Class include:

    (a)    Whether the federal securities laws were violated by Defendants' acts and omissions as alleged herein;

    (b)    Whether the statements made to the investing public during the Class Period contained material misrepresentations or omitted to state material information;

    (c)    Whether and to what extent the market price of Extreme's common stock and exchange-traded options on such common stock was artificially inflated during the Class Period because of the material misstatements alleged herein;

    (d)    Whether Defendants acted with the requisite level of scienter;

    (e)    Whether the Individual Defendants were controlling persons of Extreme;

    (f)    Whether reliance may be presumed pursuant to the fraud-on-the-market doctrine and/or the presumption of reliance afforded by *Affiliated Ute Citizens of Utah* v. *United States*, 406 U.S. 128 (1972); and

    (g)    Whether the members of the Class have sustained damages as a result of the conduct complained of herein and, if so, the proper measure of damages.

       A class action is superior to all other available methods for the fair and efficient adjudication of this controversy because, among other things, joinder of all members of the Class is impracticable. Furthermore, because the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

**Defendants' Statement**

       Defendants dispute whether this case may be maintained as a class action for the alleged Class Period.

**Parties' Joint Statement**

Defendants will make all reasonable efforts to subpoena documents from and depose Lead Plaintiff's financial advisor related to its trades in Extreme in sufficient time to file their opposition to class certification pursuant to this schedule. Plaintiff will cooperate and help facilitate this effort. However, Defendants reserve the right to seek a modification of the schedule in the event that the relevant documents held by the financial advisor cannot be obtained or its deposition cannot be taken sufficiently prior to the date due for Defendants' opposition to allow Defendants to challenge Lead Plaintiff's adequacy, typicality or other grounds to serve as Lead Plaintiff.

The parties anticipate that the Motion to Certify a Class will be a contested Motion and that each side will file expert witness reports on one or more topics. The following schedule, which was granted by the Court on April 27, 2018, ECF No. 141, is intended to allow each side the opportunity to take depositions of each others' expert and possibly file *Daubert* motions, and allow Defendants the opportunity to take Lead Plaintiff's deposition and that of its financial advisor, all related to class certification. The parties respectfully reserve the right to seek a modification of the schedule.

| | |
|---|---|
| Lead Plaintiff's Motion for Class Cert. re Market Efficiency | 9.10.18 |
| Defendants' Omnibus Opp. to Class Cert. re Market Efficiency and Price Impact | 12.10.18 |
| Lead Plaintiff's Omnibus Reply re Market Efficiency and Opp. re Price Impact | 2.8.19 |
| Defendants' Reply re Price Impact | 4.9.19 |
| Last day to file *Daubert* Brief (if any) | 5.24.19 |
| *Daubert* Oppositions | 6.24.19 |
| *Daubert* Replies | 7.24.19 |
| Last Day to Hear Class Certification Motion | 9.5.19 |

**X.    RELATED CASES**

There is a related derivative action titled *Shaffer v. Kispert, et al.*, No. 16-cv-291726, pending in Santa Clara Superior Court (the "Derivative Action"). The Derivative Action has

been stayed pursuant to stipulation and order pending the outcome of the Motion to Dismiss but the stay has ended. The parties to that litigation are discussing how to proceed.

## XI. RELIEF

Lead Plaintiff requests the following relief: (i) declaring this action to be a proper class action pursuant to Rule 23; (ii) awarding damages, including interest; (iii) awarding reasonable costs and expenses, including attorneys' fees; and (iv) awarding such other relief as the Court may deem proper. The calculation of damages in this complex securities fraud class action will be the subject of expert opinion.

## XII. SETTLEMENT AND ADR

Defendants and Lead Plaintiff filed certifications pursuant to ADR Local Rule 3-5(b). ECF Nos. 133, 135. The parties agree this case is best suited for Private ADR and are in the process of selecting a provider and conferring on dates. ECF No. 134.

## XIII. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

The parties do not consent to a magistrate judge.

## XIV. OTHER REFERENCES

The parties do not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

## XV. NARROWING OF ISSUES

At this stage of the proceedings, the parties believe that the narrowing of issues, suggestions to expedite the presentation of evidence at trial, and requests to bifurcate issues, claims or defenses, whether by agreement or stipulation, are premature.

## XVI. EXPEDITED TRIAL PROCEDURE

The parties do not believe that this is the type of case that can be handled under the Expedited Trial Procedure of General Order No. 64 Attachment A.

## XVII. SCHEDULING

The parties' proposed schedule and discovery plan is set forth as follows:

| | |
|---|---|
| Initial Disclosures | 5.21.18 |
| Defendants' Statement of Affirmative Defenses | 5.21.18 |
| Defendants' Answer | 6.21.18 |
| | |
| Initial Written Discovery Served | 4.30.18 |
| Last Day to Amend Pleadings or Attempt to Join New Parties | 6.28.18.  Defendants reserve the right to move to dismiss any amended pleading or added party and seek modification of this Order |
| Agreement on search parameters | 5.30.18 |
| Initial Document Production Substantially Complete | 10.15.18 |
| Follow Up Written Discovery Served | 12.17.18 |
| Follow Up Production Substantially Complete | 3.15.19, provided that follow-up document requests do not require extensive searches. Parties will meet and confer regarding any dispute. |
| Fact Discovery Cutoff | 9.16.19 |
| | |
| Expert Reports on Issues Where Party Has Burden of Proof | 4.30.20 |
| Responsive Expert Reports | 6.15.20 |
| Rebuttal Expert Reports | 7.15.20 |
| Expert Discovery Cut-off | 9.15.20 |
| Motion(s) for Summary Judgment, Partial Summary Judgment, or Summary Adjudication | 1.7.21 |
| Opposition Briefs (including evidentiary challenges) | 3.11.21 |
| Reply Briefs (including response to evidentiary challenges) | 4.29.21 |
| | |
| Last Day to Hear Dispositive Motions | 6.24.21 9:00 am |

| Final Pretrial Conference | 12.16.21 1:30 pm |
| Trial | 2.7.22  9:00 am |

## XVIII. TRIAL

Plaintiffs have requested a jury trial. The parties agree that at this time it is premature to predict the length of trial. The parties further agree to meet and confer regarding any unscheduled matters within 7 days of the close of expert discovery.

## XIX. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Lead Plaintiffs and Defendants have each filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. ECF Nos. 9, 31. In their statements, the parties stated that other than the named parties, there are no interested entities or persons to report.

## XX. PROFESSIONAL CONDUCT

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

## XXI. OTHER

(a) **Modifications to the Schedule**: All schedules proposed herein are premised on discovery proceeding expeditiously and without protracted disputes over, inter alia, production of documents and witnesses or issues with regard to class certification. In the event of such protracted disputes, all parties reserve the right to seek to modify the schedules set forth herein.

(b) **Electronic Service**: The Parties shall serve documents, including pleadings, discovery requests, and trial materials on each other through e-mail or ECF, except to the extent that transmission of any such documents electronically is impractical, in which event service shall be made by hand or through overnight delivery. Service by e-mail shall be by 11:59 pm PT on the date of service or shall count as service on the next business day and shall be considered the same as service by hand.

                      Respectfully submitted,

Date:  May 11, 2018                 **LABATON SUCHAROW LLP**

                              */s/ Carol C. Villegas*
                              Carol C. Villegas (*pro hac vice*)

|   |   |
|---|---|
| 1 | Alec T. Coquin (*pro hac vice*) |
| 2 | 140 Broadway<br>New York, NY 10005 |
|   | Telephone: (212) 907-0700 |
| 3 | Facsimile: (212) 818-0477 |
|   | Email:   cvillegas@labaton.com |
| 4 |           acoquin@labaton.com |

*Counsel for Lead Plaintiff and Lead Counsel for the Class*

**BERMAN TABACCO**
Nicole Lavallee (SBN 165755)
A. Chowning Poppler (SBN 272870)
44 Montgomery Street, Suite 650
San Francisco, CA 94104
Telephone: (415) 433-3200
Facsimile: (415) 433-6382
Email:   nlavallee@bermantabacco.com
          cpoppler@bermantabacco.com

*Liaison Counsel for the Class*

Date: May 11, 2018

**DLA PIPER LLP (US)**

*/s/ Shirli Fabbri Weiss*
Shirli Fabbri Weiss (Bar No. 079225)
David Priebe (Bar No. 148679)2000
University Avenue
East Palo Alto, CA 94303-2214
Telephone: (650) 833-2000
Facsimile: (650) 833-2001
Email:   shirli.weiss@dlapiper.com
          david.priebe@dlapiper.com

*Attorneys for Defendants*

**CASE MANAGEMENT ORDER**

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

IT IS SO ORDERED.

Dated: __May 11, 2018__

_____
HON. BETH LABSON FREEMAN
UNITED STATES DISTRICT COURT JUDGE