1  **LABATON SUCHAROW LLP**
   Carol C. Villegas (*pro hac vice*)
2  Alec T. Coquin (*pro hac vice*)
   140 Broadway
3  New York, NY 10005
   Telephone: (212) 907-0700
4  Facsimile: (212) 818-0477
   Email: cvillegas@labaton.com
5          acoquin@labaton.com

6  *Counsel for Lead Plaintiff and Lead Counsel*
   *for the Class*
7

8  **BERMAN TABACCO**
   Nicole Lavallee (SBN 165755)
9  A. Chowning Poppler (SBN 272870)
   44 Montgomery Street, Ste. 650
10 San Francisco, CA 94111
   Telephone: (415) 433-3200
11 Facsimile: (415) 433-6382
   Email: nlavallee@bermantabacco.com
12         cpoppler@bermantabacco.com
13
   *Liaison Counsel for the Class*
14

15              **UNITED STATES DISTRICT COURT**

16            **NORTHERN DISTRICT OF CALIFORNIA**

17                    **SAN JOSE DIVISION**

18 | In re EXTREME NETWORKS, INC. | Master File No. 3:15-cv-04883-BLF |
19 | SECURITIES LITIGATION | |
   | | **CLASS ACTION** |
20 | | |
   | This Document Relates to: | ~~**[PROPOSED REVISED]**~~ **ORDER** |
21 | | **GRANTING PRELIMINARY** |
   | All Actions. | **APPROVAL OF CLASS ACTION** |
22 | | **SETTLEMENT, APPROVING FORM** |
   | | **AND MANNER OF NOTICE, AND** |
23 | | **SETTING DATE FOR HEARING ON** |
   | | **FINAL APPROVAL OF SETTLEMENT** |
24

25

26         WHEREAS, as of November 30, 2018, Arkansas Teacher Retirement System ("ATRS"

27 or "Lead Plaintiff"), on behalf of itself and all other members of the proposed Settlement Class,

28

on the one hand, and Extreme Networks, Inc. ("Extreme" or "the Company"), Charles W. Berger, Kenneth B. Arola, and John T. Kurtzweil (collectively, the "Individual Defendants," and with the Company, "Defendants"), on the other, by and through their counsel of record in the above-captioned litigation (the "Action"), entered into a Stipulation and Agreement of Settlement (the "Stipulation"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with the exhibits thereto, sets forth the terms and conditions of the proposed settlement of the Action and the claims alleged in the Amended Consolidated Class Action Complaint, filed on June 2, 2017, on the merits and with prejudice (the "Settlement"); and

WHEREAS, the Court has reviewed and considered the Stipulation and the accompanying exhibits; and

WHEREAS, the Parties to the Stipulation have consented to the entry of this order; and

WHEREAS, all capitalized terms used in this order that are not otherwise defined herein have the meanings defined in the Stipulation;

NOW, THEREFORE, IT IS HEREBY ORDERED, this ___13th___ day of March, 2019 that:

1. The Court has reviewed the Stipulation and preliminarily finds the Settlement set forth therein to be fair, reasonable and adequate to all Settlement Class Members, subject to further consideration at the Settlement Hearing described below.

2. Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court hereby preliminarily certifies, for the purposes of the Settlement only, the Settlement Class of: all persons and entities that purchased or otherwise acquired the publicly traded common stock and exchange-traded call options, and/or sold put options, of Extreme Networks, Inc.

during the period from September 12, 2013 through April 9, 2015, inclusive, and who were

damaged thereby.  Excluded from the Settlement Class are: (i) the Defendants; (ii) the officers

and directors of the Company during the Class Period; (iii) the Company's subsidiaries and

affiliates; (iv) the Company's employee retirement and benefit plan(s) and their participants or

beneficiaries, to the extent they made purchases through such plan(s); (v) members of the

immediate families of the Individual Defendants and the officers and directors of the Company

during the Class Period; (vi) any entity in which any Defendant has or had a controlling interest;

and (vii) the legal representatives, heirs, successors, and assigns of any such excluded party.

Also excluded from the Settlement Class are any Settlement Class Members who properly

exclude themselves by submitting a valid and timely request for exclusion in accordance with the

requirements set forth below and in the Notice.

3.     The Court finds and preliminarily concludes that the prerequisites of class action

certification under Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedures have been

satisfied for the Settlement Class defined herein and for the purposes of the Settlement only, in

that:

(a)     the members of the Settlement Class are so numerous that joinder of all

Settlement Class Members is impracticable;

(b)     there are questions of law and fact common to the Settlement Class

Members;

(c)     the claims of Lead Plaintiff are typical of the Settlement Class's claims;

(d)     Lead Plaintiff and Lead Counsel have fairly and adequately represented

and protected the interests of the Settlement Class;

(e)     the questions of law and fact common to Settlement Class Members predominate over any individual questions; and

(f)     a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering that the claims of Settlement Class Members in the Action are substantially similar and would, if tried, involve substantially identical proofs and may therefore be efficiently litigated and resolved on an aggregate basis as a class action; the amounts of the claims of many of the Settlement Class Members are too small to justify the expense of individual actions; and it does not appear that there is significant interest among Settlement Class Members in individually controlling the litigation of their claims.

4.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, ATRS is preliminarily certified as Class Representative for the Settlement Class.  The law firm of Labaton Sucharow LLP is preliminarily appointed Class Counsel for the Settlement Class and Berman Tabacco is preliminarily appointed as Liaison Counsel for the Settlement Class.

5.     A hearing (the "Settlement Hearing") pursuant to Rule 23(e) of the Federal Rules of Civil Procedure is hereby scheduled to be held before the Court on June 20, 2019, at 1:30 p.m. for the following purposes:

(a)     to determine whether the proposed Settlement is fair, reasonable and adequate, and should be approved by the Court;

(b)     to determine whether the proposed Final Order and Judgment ("Judgment") as provided under the Stipulation should be entered, and to determine whether the

release by the Settlement Class of the Released Claims, as set forth in the Stipulation, should be provided to the Released Defendant Parties;

(c)  to determine, for purposes of the Settlement only, whether the Settlement Class should be finally certified; whether Lead Plaintiff should be finally certified as Class Representative for the Settlement Class; whether the law firm of Labaton Sucharow LLP should be finally appointed as Class Counsel for the Settlement Class; and whether Berman Tabacco should be finally appointed as Liaison Counsel for the Settlement Class;

(d)  to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved by the Court;

(e)  to consider Lead Counsel's application for an award of attorneys' fees and expenses (which may include an application for an award to Lead Plaintiff for reimbursement of its reasonable costs and expenses directly related to its representation of the Settlement Class, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA")); and

(f)  to rule upon such other matters as the Court may deem appropriate.

6.  The Court reserves the right to approve the Settlement with or without modification and with or without further notice to the Settlement Class of any kind.  The Court further reserves the right to enter the Judgment approving the Settlement regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and/or expenses.  The Court may also adjourn the Settlement Hearing or modify any of the dates herein without further notice to members of the Settlement Class.

7.  The Court approves the form, substance and requirements of the Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses

(the "Notice") and the Proof of Claim and Release form ("Proof of Claim"), substantially in the forms annexed hereto as Exhibits 1 and 2, respectively.

8.    The Court approves the retention of KCC LLC as the Claims Administrator.  The Claims Administrator shall cause the Notice and the Proof of Claim, substantially in the forms annexed hereto, to be mailed, by first-class mail, postage prepaid, on or before ten (10) business days after entry of this Preliminary Approval Order ("Notice Date"), to all Settlement Class Members who can be identified with reasonable effort.  Extreme, to the extent it has not already done so, shall use its best efforts to obtain and provide to Lead Counsel, or the Claims Administrator, transfer records in electronic searchable form containing the names and addresses of purchasers of the publicly traded common stock of Extreme during the Class Period no later than five (5) business days after entry of this Preliminary Approval Order.

9.    The Claims Administrator shall use reasonable efforts to give notice to nominee purchasers such as brokerage firms and other persons or entities who purchased or otherwise acquired the publicly traded common stock and/or exchange-traded call options (and/or sold put options) of Extreme during the Class Period as record owners but not as beneficial owners.  Such nominees SHALL EITHER: (a) WITHIN SEVEN (7) CALENDAR DAYS of receipt of the Notice, request from the Claims Administrator sufficient copies of the Notice to forward to all such beneficial owners and WITHIN SEVEN (7) CALENDAR DAYS of receipt of those Notices from the Claims Administrator forward them to all such beneficial owners; or (b) WITHIN SEVEN (7) CALENDAR DAYS of receipt of the Notice, provide a list of the names and addresses of all such beneficial owners to the Claims Administrator and the Claims Administrator is ordered to send the Notice promptly to such identified beneficial owners. Nominees who elect to send the Notice to their beneficial owners SHALL ALSO send a

statement to the Claims Administrator confirming that the mailing was made and shall retain their mailing records for use in connection with any further notices that may be provided in the Action. Upon full and timely compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.

10. Lead Counsel shall, at or before the Settlement Hearing, file with the Court proof of mailing of the Notice and Proof of Claim.

11. The Court approves the form of the Summary Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses ("Summary Notice"), substantially in the form annexed hereto as Exhibit 3, and directs that Lead Counsel shall cause the Summary Notice to be published in *Investor's Business Daily* and be transmitted over *PR Newswire* within fourteen (14) calendar days of the Notice Date. Lead Counsel shall, at or before the Settlement Hearing, file with the Court proof of publication of the Summary Notice.

12. The form and content of the notice program described herein, and the methods set forth herein of notifying the Settlement Class of the Settlement and its terms and conditions, meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the PSLRA, and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto.

13. In order to be eligible to receive a distribution from the Net Settlement Fund, in the event the Settlement is effected in accordance with the terms and conditions set forth in the

Stipulation, each claimant shall take the following actions and be subject to the following conditions:

(a)     A properly executed Proof of Claim, substantially in the form annexed hereto as Exhibit 2, must be submitted to the Claims Administrator, at the address indicated in the Notice, postmarked no later fourteen (14) calendar days before the Settlement Hearing. Such deadline may be further extended by Court order or by Lead Counsel in its discretion. Each Proof of Claim shall be deemed to have been submitted when postmarked (if properly addressed and mailed by first-class or overnight mail, postage prepaid). Any Proof of Claim submitted in any other manner shall be deemed to have been submitted when it was actually received at the address designated in the Notice. Any Settlement Class Member who does not timely submit a Proof of Claim within the time provided for shall be barred from sharing in the distribution of the Net Settlement Fund, unless otherwise ordered by the Court, but shall remain bound by all determinations and judgments in this Action concerning the Settlement, as provided by paragraph 15 of this order.

(b)     The Proof of Claim submitted by each claimant must satisfy the following conditions, unless otherwise allowed pursuant to the Stipulation: (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator and/or Lead Counsel; (iii) if the person executing the Proof of Claim is acting in a representative capacity, a certification of her current authority to

act on behalf of the claimant must be included in the Proof of Claim; and (iv) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

(c)     As part of the Proof of Claim, each claimant shall submit to the jurisdiction of the Court with respect to the claim submitted.

14.     Any Settlement Class Member may enter an appearance in this Action, at his, her or its own expense, individually or through counsel of his, her or its own choice. If any Settlement Class Member does not enter an appearance, he, she or it will be represented by Lead Counsel.

15.     Settlement Class Members shall be bound by all orders, determinations and judgments in this Action concerning the Settlement, whether favorable or unfavorable, unless such Persons request exclusion from the Settlement Class in a timely and proper manner, as hereinafter provided. A putative Settlement Class Member wishing to make such an exclusion request shall mail the request in written form by first-class mail to the address designated in the Notice for such exclusions, such that it is received no later than twenty-eight (28) calendar days prior to the Settlement Hearing. Such request for exclusion must state the name, address and telephone number of the Person seeking exclusion, must state that the sender requests to be "excluded from the Settlement Class in *In re Extreme Networks, Inc. Sec. Litig.,* No. 15-04883 (N.D. Cal.)" and must be signed by such Person. Such Persons requesting exclusion are also directed to state the information requested in the Notice, including, but not limited to: the date(s), price(s), and number(s) of shares of all purchases, acquisitions, and sales of Extreme publicly traded common stock and exchange-traded options during the Class Period. The request for

exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.

16.     Putative Settlement Class Members requesting exclusion from the Settlement Class shall not be eligible to receive any payment out of the Net Settlement Fund as described in the Stipulation and Notice.

17.     The Court will consider any Settlement Class Member's objection to the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees or expenses only if such Settlement Class Member has, on or before twenty-eight (28) calendar days before the Settlement Hearing, filed said objections and supporting papers with the Clerk of the Court, United States District Court for the Northern District of California, San Jose Division, Robert F. Peckham Federal Building, United States Courthouse, 280 South 1st Street, San Jose, CA 95113. Any Settlement Class Member who does not make his, her, or its objection in the manner provided for in the Notice shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to any aspect of the Settlement, to the Plan of Allocation, or to the request for attorneys' fees and expenses, unless otherwise ordered by the Court, but shall otherwise be bound by the Judgment to be entered and the releases to be given. Attendance at the hearing is not necessary, however, persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees and other expenses are required to indicate in their written objection their intention to appear at the hearing. Persons who intend to object to the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees and expenses and desire to present evidence at the Settlement Hearing must include in their written objections the identity of

any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing.

18.     Settlement Class Members do not need to appear at the hearing or take any other action to indicate their approval.

19.     Pending final determination of whether the Settlement should be approved, Lead Plaintiff, all Settlement Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence or prosecute any action which asserts Released Claims against the Released Defendant Parties.

20.     As provided in the Stipulation, prior to the Effective Date, Lead Counsel may pay the Claims Administrator a portion of the reasonable fees and costs associated with giving notice to the Settlement Class and the review of claims and administration of the Settlement out of the Settlement Fund not to exceed $500,000 without further approval from Defendants and without further order of the Court.

21.     All papers in support of the Settlement, Plan of Allocation, and Lead Counsel's request for an award of attorneys' fees and expenses shall be filed with the Court and served on or before forty-two (42) calendar days prior to the date set herein for the Settlement Hearing.  If reply papers are necessary, they are to be filed with the Court and served no later than fourteen (14) calendar days prior to the Settlement Hearing.

22.     The passage of title and ownership of the Settlement Fund to the Escrow Agent in accordance with the terms and obligations of the Stipulation is approved.  No person who is not a Settlement Class Member or Lead Counsel shall have any right to any portion of, or to any distribution of, the Net Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Stipulation.

23. All funds held in escrow shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court until such time as such funds shall be disbursed pursuant to the Stipulation and/or further order of the Court.

24. Neither Defendants nor their counsel shall have any responsibility for the Plan of Allocation or any application for attorney's fees or expenses submitted by Lead Counsel or Lead Plaintiff, and such matters shall be considered separately from the fairness, reasonableness and adequacy of the Settlement.

25. If the Settlement fails to become effective as defined in the Stipulation or is terminated, then both the Stipulation, including any amendment(s) thereof, except as expressly provided in the Stipulation, and this Preliminary Approval Order shall be null and void, of no further force or effect, and without prejudice to any Party, and may not be introduced as evidence or used in any actions or proceedings by any person or entity against the Parties, and the Parties shall be deemed to have reverted to their respective litigation positions in the Action as of August 17, 2018.

26. The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

DATED this 13th day of March, 2019

BY THE COURT:

HON. BETH LABSON FREEMAN
UNITED STATES DISTRICT JUDGE



**Exhibit 1**

**LABATON SUCHAROW LLP**
Carol C. Villegas (*pro hac vice*)
Alec T. Coquin (*pro hac vice*)
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
Email: cvillegas@labaton.com
        acoquin@labaton.com

*Counsel for Lead Plaintiff and Lead Counsel
for the Class*

**BERMAN TABACCO**
Nicole Lavallee (SBN 165755)
A. Chowning Poppler (SBN 272870)
44 Montgomery Street, Ste. 650
San Francisco, CA 94111
Telephone: (415) 433-3200
Facsimile: (415) 433-6382
Email: nlavallee@bermantabacco.com
        cpoppler@bermantabacco.com

*Liaison Counsel for the Class*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| In re EXTREME NETWORKS, INC. SECURITIES LITIGATION<br><br>This Document Relates to:<br><br>All Actions. | Master File No. 3:15-cv-04883-BLF<br><br>CLASS ACTION<br><br>~~[REVISED]~~ **NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED SETTLEMENT, AND MOTION FOR ATTORNEYS' FEES AND EXPENSES** |

**If you purchased or otherwise acquired publicly traded common stock and exchange-traded call options, and/or sold put options, of Extreme Networks, Inc. during the period from September 12, 2013 through April 9, 2015, inclusive (the "Class Period"), you may be entitled to a payment from a class action settlement.**

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

- If approved by the Court, the proposed Settlement will create a $7,000,000 settlement fund, plus earned interest, for the benefit of eligible Settlement Class Members, less any attorneys' fees and expenses awarded by the Court, Notice and Administration Expenses, and Taxes.[1]

- The Settlement resolves claims by Arkansas Teacher Retirement System ("ATRS" or "Lead Plaintiff") that have been asserted on behalf of the proposed Settlement Class against Extreme Networks, Inc. ("Extreme" or "the Company") and Charles W. Berger, Kenneth B. Arola, and John T. Kurtzweil (collectively, the "Individual Defendants," and with the Company, "Defendants").

**Your legal rights are affected whether you act or do not act. Read this Notice carefully.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM BY JUNE 6, 2019** | The *only* way to get a payment. |
| **EXCLUDE YOURSELF BY MAY 23, 2019** | Get no payment. This is the *only* option that allows you to ever bring or be part of any *other* lawsuit against Defendants and the other Released Defendant Parties about the Released Claims. |
| **OBJECT BY MAY 23, 2019** | Write to the Court about why you do not like the Settlement, the proposed Plan of Allocation, and/or the Fee and Expense Application. This will not exclude you from the Settlement Class. |
| **GO TO A HEARING ON JUNE 20, 2019** | Ask to speak in Court about the Settlement at the Settlement Hearing. |
| **DO NOTHING** | Get no payment. Give up rights. |

## SUMMARY OF THE NOTICE

### Statement of the Settlement Class's Recovery

1.     Subject to Court approval, Lead Plaintiff, on behalf of the Settlement Class, has agreed to settle the Action in exchange for a payment of $7,000,000 (the "Settlement Amount"), which will be deposited into an interest-bearing Escrow Account (the "Settlement Fund"). The

---

[1]   All capitalized terms not otherwise defined in this notice shall have the meaning provided in the Stipulation and Agreement of Settlement, dated as of November 30, 2018 (the "Stipulation"), which can be viewed at www._____.com.

Net Settlement Fund (as defined below) will be distributed to Settlement Class Members according to the Court-approved plan of allocation (the "Plan of Allocation" or "Plan"). The proposed Plan of Allocation is set forth on pages __-__ below.

**Estimate of Average Amount of Recovery Per Share**

2. Based on Lead Plaintiff's consulting damages expert's estimate of the number of shares of Extreme common stock eligible to participate in the Settlement, and assuming that all investors eligible to participate do so, Lead Plaintiff estimates that the average recovery would be approximately $0.05 per damaged share (before deduction of any Court-approved fees and expenses, such as attorneys' fees and expenses, Taxes, and Notice and Administration Expenses), and approximately $0.04 per damaged share after the deduction of the attorneys' fees and expenses discussed below.[2] **Please note, however, that these average recovery amounts are only estimates and Settlement Class Members may recover more or less than these estimated amounts.** An individual Settlement Class Member's actual recovery will depend on numerous factors. These factors are fully explained in the Plan of Allocation beginning on page __. Please refer to the Plan for information on the calculation of your Recognized Claim (defined below).

**Statement of Potential Outcome of Case**

3. The Parties disagree about both liability and damages and do not agree on the damages that would be recoverable if Lead Plaintiff were to prevail on each claim asserted against Defendants. The issues on which the Parties disagree include, for example: (i) whether Defendants made any statements or omitted any facts that were materially false or misleading, or otherwise actionable under the federal securities laws; (ii) whether any such allegedly materially false or misleading statements or omissions were made with the required level of intent or recklessness; (iii) the amounts by which the prices of Extreme common stock and call options

---

[2] An allegedly damaged share might have been traded, and potentially damaged, more than once during the Class Period, and the average recovery indicated above represents the estimated average recovery for each share that allegedly incurred damages.

were allegedly artificially inflated (or deflated in the case of put options), if at all, during the Class Period; and (iv) the extent to which factors such as general market, economic and industry conditions, influenced the trading prices of Extreme common stock or exchange-traded options ("Extreme Securities") during the Class Period.

4. Defendants have denied and continue to deny any wrongdoing, deny that they have committed any act or omission giving rise to any liability or violation of law, and deny that Lead Plaintiff and the Settlement Class have suffered any loss attributable to Defendants' actions. While Lead Plaintiff believes it has meritorious claims, it recognizes that there are significant obstacles in the way to recovery.

**Statement of Attorneys' Fees and Expenses Sought**

5. Lead Counsel, on behalf of itself and Liaison Counsel Berman Tabacco ("Plaintiffs' Counsel"), will apply to the Court for an award of attorneys' fees from the Settlement Fund in an amount not to exceed 25% of the Settlement Fund, which includes any accrued interest. Lead Counsel will also apply for payment of litigation expenses incurred by Plaintiffs' Counsel in prosecuting the Action in an amount not to exceed $230,000, plus accrued interest, which may include an application pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA") for the reasonable costs and expenses (including lost wages) of Lead Plaintiff directly related to its representation of the Settlement Class. If the Court approves Lead Counsel's Fee and Expense Application, the average amount of fees and expenses, assuming claims are filed for all shares eligible to participate in the Settlement, will be approximately $0.01 per allegedly damaged share of Extreme common stock.

**Reasons for the Settlement**

6. For Lead Plaintiff, the principal reason for the Settlement is the guaranteed cash benefit to the Settlement Class. This benefit must be compared to the uncertainty of being able to prove the allegations in the Amended Complaint; the risk that the Court may grant some or all of the anticipated motions to be filed by Defendants; the risks of litigation, especially in complex securities actions like this; as well as the difficulties and delays inherent in such litigation

(including any trial and appeals). For Defendants, who deny all allegations of wrongdoing or liability whatsoever and deny that Settlement Class Members were damaged, the principal reasons for entering into the Settlement are to end the burden, expense, uncertainty, and risk of further litigation.

**Identification of Attorneys' Representatives**

7. Lead Plaintiff and the Settlement Class are represented by Lead Counsel, Carol C. Villegas, Esq., Labaton Sucharow LLP, 140 Broadway, New York, NY 10005, (888) 219-6877, www.labaton.com, settlementquestions@labaton.com.

**Please Do Not Call the Court with Questions About the Settlement**

**[END OF PSLRA COVER PAGE]**

**BASIC INFORMATION**

**1. Why did I get this Notice?**

8. You or someone in your family, or an investment account for which you serve as a custodian, may have purchased or otherwise acquired publicly traded Extreme common stock, exchange-traded call options, and/or sold publicly traded Extreme put options during the Class Period, and may be a Settlement Class Member. This Notice explains the Action, the Settlement, Settlement Class Members' legal rights, what benefits are available, who is eligible for them, and how to get them.

9. The Court directed that this Notice be sent to Settlement Class Members to inform them of the terms of the proposed Settlement and about all of their options, before the Court decides whether to approve the Settlement at the upcoming hearing to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation, and Lead Counsel's Fee and Expense Application (the "Settlement Hearing").

10. The Court in charge of the Action is the United States District Court for the Northern District of California, and the case is known as *In re Extreme Networks, Inc. Securities Litigation*, Case No. 3:15-cv-04883-BLF. The Action is assigned to the Honorable Beth Labson Freeman.

Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses
Master File No. 3:15-cv-04883-BLF

4

## 2. What is this case about?

11.     Extreme develops and sells network infrastructure equipment. Its main products include wired and wireless devices for accessing the Internet, as well as relevant software. The Action arises out of Defendants' allegedly false and misleading representations regarding the success of Extreme's post-acquisition integration with its former competitor, Enterasys Networks, Inc. ("Enterasys"), as well as developments in Extreme's key partnership with Lenovo Group, Ltd. ("Lenavo"). As a result of these alleged misrepresentations and omissions, Extreme's stock allegedly traded at artificially inflated prices during the Class Period.

12.     Beginning in October 2015, two securities class action complaints were filed in the United States District Court for the Northern District of California on behalf of investors in Extreme. The actions were consolidated by an Order dated December 1, 2015. On June 28, 2016, the Court issued an Order appointing ATRS as Lead Plaintiff pursuant to the PSLRA. By the same Order, the Court approved Lead Plaintiff's selection of Labaton Sucharow LLP as Lead Counsel for the class and Berman Tabacco (t/k/a Berman DeValerio) as Liaison Counsel to represent the class.

13.     On September 26, 2016, Lead Plaintiff filed a Consolidated Class Action Complaint for Violations of the Federal Securities Laws asserting claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), and Rule 10b-5 (17 C.F.R. §240.10b-5) promulgated thereunder. On November 10, 2016, Defendants filed a motion to dismiss the consolidated complaint, which Lead Plaintiff opposed on December 23, 2016. On April 27, 2017, the Court issued an Order granting Defendants' motion to dismiss with leave to amend.

14.     On June 2, 2017, Lead Plaintiff filed the Amended Consolidated Class Action Complaint filed (the "Amended Complaint"). The Amended Complaint alleges violations under Sections 10(b) and 20(a) of the Exchange Act and Rule 10b-5 promulgated thereunder. On July 10, 2017, the Defendants filed a motion to dismiss the Amended Complaint, which Lead

Plaintiff opposed on August 31, 2017. On March 21, 2018, the Court issued an Order granting in part and denying in part Defendants' motion to dismiss. In particular, the Court found that falsity and scienter were adequately pled with respect to only certain allegations. The Court granted the motion to dismiss with respect to Defendant Kurtzweil on the Section 10(b) claim, finding that he was not alleged to have made any surviving statements. On June 21, 2018, Defendants answered the Amended Complaint, denying Lead Plaintiff's claims and asserting various affirmative defenses.

15. On July 18, 2018, counsel for the Parties met with Robert Meyer, Esq. ("Mr. Meyer"), a well-respected and highly experienced mediator, in an attempt to reach a settlement. The mediation involved an extended effort to settle the claims and was preceded by the exchange of mediation statements. The Parties were unable to reach an agreement at the July 18, 2018 mediation. Following the mediation, the Parties continued to engage in arm's-length efforts, under the auspices of Mr. Meyer, and accepted a mediator's proposal to settle the Action in August 2018 followed by execution of a Settlement Term Sheet on September 26, 2018. On November 30, 2018, the Parties executed the Stipulation, which sets forth the final terms and conditions of the Settlement.

16. Lead Plaintiff, through Lead Counsel, has conducted a thorough investigation relating to the claims, defenses, and underlying events and transactions that are the subject of the Action. This process has included reviewing and analyzing: (i) documents filed publicly by the Company with the SEC; (ii) publicly available information, including press releases, news articles, and other public statements issued by or concerning the Company and the Individual Defendants; (iii) research reports issued by financial analysts concerning the Company; (iv) other publicly available information and data concerning the Company; (v) approximately 1,268 pages of documents produced in advance of mediation, including Board of Director minutes and presentations; and (vi) the applicable law governing the claims and potential defenses. Lead Counsel also contacted 148 former employees of Extreme and other persons with relevant

knowledge, interviewed 24 of them (seven of whom were relied on in the Amended Complaint), and consulted with experts on damages issues.

### 3. Why is this a class action?

17.     In a class action, one or more persons or entities (in this case, Lead Plaintiff), sue on behalf of people and entities that have similar claims. Together, these people and entities are a "class," and each is a "class member." Bringing a case, such as this one, as a class action allows the adjudication of many individuals' similar claims that might be too small to bring economically as separate actions. One court resolves the issues for all class members at the same time, except for those who exclude themselves, or "opt-out," from the class.

### 4. What are the reasons for the Settlement?

18.     The Court did not finally decide in favor of Lead Plaintiff or Defendants. Instead, both sides agreed to a settlement that will end the Action. Lead Plaintiff and Lead Counsel believe that the claims asserted in the Action have merit, however, Lead Plaintiff and Lead Counsel recognize the expense and length of continued proceedings necessary to pursue their claims through trial and appeals, as well as the difficulties in establishing liability and damages. In light of the Settlement and the guaranteed cash recovery to the Settlement Class, Lead Plaintiff and Lead Counsel believe that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Settlement Class.

19.     Defendants have denied and continue to deny any allegations of wrongdoing contained in the Amended Complaint. The Settlement should not be seen as an admission or concession on the part of Defendants. Defendants have taken into account the burden, expense, uncertainty, distraction, and risks inherent in any litigation and have concluded that it is desirable to settle upon the terms and conditions set forth in the Stipulation.

### 5. How do I know if I am part of the Settlement Class?

20.     The Court directed, for the purposes of the proposed Settlement, that everyone who fits the following description is a Settlement Class Member and subject to the Settlement unless they are an excluded person (*see* Question 6 below) or take steps to exclude themselves from the Settlement Class (*see* Question 11 below):  ***all persons and entities that purchased or otherwise acquired the publicly traded common stock and exchange-traded call options, and/or sold put options, of Extreme during the period from September 12, 2013 through April 9, 2015, inclusive, and who were damaged thereby.***

21.     Receipt of this Notice does not mean that you are a Settlement Class Member. The Parties do not have access to your transactions in Extreme Securities.  Please check your records or contact your broker to see if you are a member of the Settlement Class.   If one of your mutual funds purchased Extreme Securities during the Class Period, that alone does not make you a Settlement Class Member.   You are a Settlement Class Member only if you individually purchased or otherwise acquired Extreme Securities during the Class Period.

## 6.  Are there exceptions to being included?

22.     Yes.   There are some individuals and entities that are excluded from the Settlement Class by definition.  Excluded from the Settlement Class are:  (i) the Defendants; (ii) the officers and directors of the Company during the Class Period; (iii) the Company's subsidiaries and affiliates; (iv) the Company's employee retirement and benefit plan(s) and their participants or beneficiaries, to the extent they made purchases through such plan(s); (v) members of the immediate families of the Individual Defendants and the officers and directors of the Company during the Class Period; (vi) any entity in which any Defendant has or had a controlling interest; and (vii) the legal representatives, heirs, successors, and assigns of any such excluded party.  Also excluded from the Settlement Class will be any Person that timely and validly seeks exclusion from the Settlement Class in accordance with the procedures described in Question 11 below or whose request is otherwise allowed by the Court.

## THE SETTLEMENT BENEFITS

### 7. What does the Settlement provide?

23.　　In exchange for the Settlement and the release of the Released Claims against the Released Defendant Parties, Defendants have agreed to fund a $7 million cash fund, which will accrue interest, to be distributed, after deduction of Court-awarded attorneys' fees and litigation expenses, Notice and Administration Expenses, Taxes, and any other fees or expenses approved by the Court (the "Net Settlement Fund"), among all Settlement Class Members who submit valid Claim Forms and are found to be eligible to receive a distribution from the Net Settlement Fund ("Authorized Claimants").

### 8. How can I receive a payment?

24.　　To qualify for a payment, you must submit a timely and valid Claim Form. A Claim Form is included with this Notice. You can also submit a Claim Form online or obtain a copy using the website dedicated to the Settlement: www._____.com, or obtain a copy from Lead Counsel's website, www.labaton.com. You can request that a Claim Form be mailed to you by calling the Claims Administrator toll-free at (____) ___-_____. Please read the instructions contained in the Claim Form carefully, fill out the Claim Form, include all the documents the form requests, sign it, and mail or submit it to the Claims Administrator so that it is **postmarked or received no later than June 6, 2019.** A Claim Form will be deemed to be submitted when mailed, if received with a postmark on the envelope and if mailed by first-class or overnight U.S. Mail and addressed in accordance with the instructions. In all other cases, the Claim Form will be deemed to have been submitted when actually received by the Claims Administrator.

25.　　Please note that if you have an eligible claim that calculates to a payment of less than $10.00, your payment will be sent to you through PayPal, using an account that you establish, rather than a paper check, given the costs associated with mailing checks. **If you do not provide the information required to process a payment through PayPal and/or you do**

Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses
Master File No. 3:15-cv-04883-BLF

9

**not have an active PayPal account at the time of payment you will not receive a payment.** For instance, as noted above, if the average settlement recovery is $0.04 per damage share and you purchased 200 damaged shares, your payment may be $8.00. If your payment is $8.00, you will be paid only through your PayPal account. If you purchased 500 shares your payment may be $20.00. If your payment is between $10.00 and $100.00, you may choose to receive payment through your PayPal account or check (please see the Claim Form for more information). If your payment is more than $100.00, you will receive a check. **However, please remember that the average recovery amount of $0.04 per damaged share is only an estimate and Settlement Class Members may recover more or less.** An individual Settlement Class Member's actual recovery will depend on numerous factors. These factors are fully explained in the Plan of Allocation beginning on page __. Please refer to the Plan for information on the calculation of your Recognized Claim (defined below).

| **9. When will I receive my payment?** |
| --- |

26.     The Court will hold a Settlement Hearing on **June 20, 2019, at 1:30 p.m.**, to decide, among other things, whether to finally approve the Settlement. Even if the Court approves the Settlement, there may be appeals which can take time to resolve, perhaps more than a year. It also takes a long time for all of the Claim Forms to be accurately reviewed and processed. Please be patient.

| **10. What am I giving up to receive a payment or stay in the Settlement Class?** |
| --- |

27.     If you are a member of the Settlement Class, unless you exclude yourself, you will remain in the class, and that means that, upon the "Effective Date" of the Settlement, you will release all "Released Claims" against the "Released Defendant Parties."

(a)     **"Released Claims"** means any and all claims and causes of action of every nature and description, including both known claims and Unknown Claims (defined below), whether arising under federal, state, common or foreign law, or any other law, whether class or individual in nature, that Lead Plaintiff or any other Settlement Class Member

(i) asserted in the Action; or (ii) could have asserted in any forum that arise out of or are based upon the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in any complaint in the Action and that relate to the purchase or acquisition of the Company's publicly traded common stock, and/or exchange-traded options on such common stock, during the Class Period. Notwithstanding the foregoing, Released Claims do not include (i) claims relating to the enforcement of the Settlement; or (ii) or any claims in the shareholder derivative action *Shaffer v. Kispert,* No. 16-cv-291726 (Super. Ct. of Cal., Santa Clara Cty., Feb. 2, 2016).

(b) **"Released Defendant Parties"** means Defendants, Defendants' Counsel, and each of their respective past, present, or future subsidiaries, parents, affiliates, principals, successors and predecessors, assigns, officers, directors, shareholders, trustees, partners, agents, fiduciaries, contractors, employees, attorneys, auditors, insurers; the spouses, members of the immediate families, representatives, and heirs of the Individual Defendants, as well as any trust of which any Individual Defendant is the settlor or which is for the benefit of any of their immediate family members; any firm, trust, corporation, or entity in which any Defendant has a controlling interest; and any of the legal representatives, heirs, successors in interest or assigns of Defendants.

(c) "**Unknown Claims**" means any and all Released Claims that Lead Plaintiff or any other Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties, and any and all Released Defendants' Claims that any Defendant does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Plaintiff Parties, which if known by him, her, or it might have affected his, her, or its decision(s) with respect to the Settlement, including the decision to object to the terms of the Settlement or to exclude himself, herself, or itself from the Settlement Class. With respect to any and all Released Claims and Released Defendants' Claims, the Parties stipulate and agree that, upon the Effective Date, Lead Plaintiff and Defendants shall expressly, and each other Settlement Class Member shall be deemed to have,

and by operation of the Judgment or Alternative Judgment shall have, to the fullest extent permitted by law, expressly waived and relinquished any and all provisions, rights and benefits conferred by any law of any state or territory of the United States or foreign law, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

Lead Plaintiff, other Settlement Class Members, or Defendants may hereafter discover facts, legal theories, or authorities in addition to or different from those which any of them now knows or believes to be true with respect to the subject matter of the Released Claims and the Released Defendants' Claims, but Lead Plaintiff and Defendants shall expressly, fully, finally, and forever settle and release, and each Settlement Class Member shall be deemed to have settled and released, and upon the Effective Date and by operation of the Judgment or Alternative Judgment shall have settled and released, fully, finally, and forever, any and all Released Claims and Released Defendants' Claims as applicable, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. Lead Plaintiff and Defendants acknowledge, and other Settlement Class Members by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims and Released Defendants' Claims was separately bargained for and was a material element of the Settlement.

28.     The "Effective Date" will occur when an Order entered by the Court approving the Settlement becomes Final and is not subject to appeal. If you remain a member of the Settlement Class, all of the Court's orders, whether favorable or unfavorable, will apply to you and legally bind you. Upon the Effective Date, Defendants will also provide a release of any

claims against Lead Plaintiff and the Settlement Class arising out of or related to the institution, prosecution, or settlement of the claims in the Action.

### EXCLUDING YOURSELF FROM THE SETTLEMENT CLASS

29.     If you do not want to be eligible to receive a payment from the Settlement but you want to keep any right you may have to sue or continue to sue the Released Defendant Parties on your own about the Released Claims, then you must take steps to remove yourself from the Settlement Class.  This is called excluding yourself or "opting out." **Please note: if you bring your own claims, Defendants will have the right to seek their dismissal.**

**11.  How do I exclude myself from the Settlement Class?**

30.     To exclude yourself from the Settlement Class, you must mail a signed letter stating that you "request to be excluded from the Settlement Class in *In re Extreme Networks, Inc. Sec. Litig.,* No. 15-04883 (N.D. Cal.)."  You cannot exclude yourself by telephone or e-mail. Each request for exclusion must also state: (i) the name, address, and telephone number of the person or entity requesting exclusion; (ii) the date(s), price(s), and number(s) of shares of all purchases, acquisitions, and sales of Extreme Securities during the Class Period; and (iii) be signed by the person or entity requesting exclusion or an authorized representative.  A request for exclusion must be mailed, so that it is **received no later than May 23, 2019** to:

*Extreme Networks, Inc. Securities Litigation*
c/o _____
P.O. Box _____
_____

**Your exclusion request must comply with these requirements in order to be valid.**

31.     If you ask to be excluded, do not submit a Claim Form because you cannot receive any payment from the Net Settlement Fund.  Also, you cannot object to the Settlement because you will not be a Settlement Class Member.  However, if you submit a valid exclusion request, you will not be legally bound by anything that happens in the Action, and you may be able to sue (or continue to sue) Defendants and the other Released Defendant Parties in the

future, assuming your claims are timely.  If you have a pending lawsuit against any of the Released Defendant Parties **please speak to your lawyer in the case immediately.**

### THE LAWYERS REPRESENTING YOU

| **13.  Do I have a lawyer in this case?** |
| --- |

32.    The Court appointed the law firm of Labaton Sucharow LLP to represent all Settlement Class Members.  These lawyers are called "Lead Counsel."  You will not be separately charged for these lawyers.  The Court will determine the amount of Plaintiffs' Counsel's fees and expenses, which will be paid from the Settlement Fund.  If you want to be represented by your own lawyer, you may hire one at your own expense.

| **14.  How will the lawyers be paid?** |
| --- |

33.    Plaintiffs' Counsel have not received any payment for their services in pursuing the claims against Defendants on behalf of the Settlement Class, nor have they been reimbursed for their litigation expenses.  Lead Counsel will ask the Court to award it, together with Liaison Counsel Berman Tabacco, attorneys' fees of no more than 25% of the Settlement Fund, which will include any accrued interest.  No other attorneys will share in the fee awarded by the Court. Lead Counsel will also seek payment of litigation expenses incurred by Plaintiffs' Counsel in the prosecution of the Action of no more than $230,000, plus accrued interest, which may include an application in accordance with the PSLRA for the reasonable costs and expenses (including lost wages) of Lead Plaintiff directly related to its representation of the Settlement Class.

### OBJECTING TO THE SETTLEMENT, THE PLAN OF ALLOCATION, OR THE FEE AND EXPENSE APPLICATION

| **15.  How do I tell the Court that I do not like something about the proposed Settlement?** |
| --- |

34.    If you are a Settlement Class Member, you can object to the Settlement or any of its terms, the proposed Plan of Allocation, and/or the Fee and Expense Application.  You can ask the Court not to approve the Settlement, however you cannot ask the Court to order a different settlement; the Court can only approve or deny this Settlement.  If the Court denies approval of

Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses
Master File No. 3:15-CV-04883-BLF

14

the Settlement, no payments will be made to Settlement Class Members and the Action will continue.

35.     To object, you must send a signed letter stating that you object to the proposed Settlement, the proposed Plan of Allocation, and/or the Fee and Expense Application in "*In re Extreme Networks, Inc. Sec. Litig.,* No. 15-04883 (N.D. Cal.)".  Your objection must state why you are objecting and whether your objection applies only to you, a subset of the Settlement Class, or the entire Settlement Class.  The objection must also: (i) include the name, address, and telephone number of the person or entity objecting; (ii) contain a statement of the objection and the specific reasons for it, including any legal and evidentiary support (including witnesses) the Settlement Class Member wishes to bring to the Court's attention; and (iii) identify the number of shares of Extreme Securities purchased, acquired, and/or sold during the Class Period, as well as the date, number of shares, and price per share of each such purchase, acquisition, and/or sale. Unless otherwise ordered by the Court, any Settlement Class Member who does not object in the manner described in this Notice will be deemed to have waived any objection and will be forever foreclosed from making any objection to the proposed Settlement, the Plan of Allocation, and/or Co-Lead Counsel's Fee and Expense Application.  Your objection must be submitted to the Court either by mailing it to the Clerk of the Court or filing it with the Court so that it is **postmarked or filed no later than May 23, 2019** using this address: Clerk of the Court, United States District Court, Northern District of California, Robert F. Peckham Federal Building, United States Courthouse, 280 South 1st Street, San Jose, CA 95113.

**16.  What is the difference between objecting and seeking exclusion?**

36.     Objecting is telling the Court that you do not like something about the proposed Settlement, Plan of Allocation, or Lead Counsel's Fee and Expense Application.  You can still recover money from the Settlement.  You can object *only* if you stay in the Settlement Class.  Excluding yourself is telling the Court that you do not want to be part of the Settlement Class.  If

you exclude yourself from the Settlement Class, you have no basis to object because the Settlement and the Action no longer affect you.

**THE SETTLEMENT HEARING**

**17. When and where will the Court decide whether to approve the proposed Settlement?**

37. The Court will hold the Settlement Hearing on **June 20, 2019 at 1:30 p.m.**, in Courtroom 3, 5th Floor of the Robert F. Peckham Federal Building & United States Courthouse, 280 South 1st Street, San Jose, CA 95113. At this hearing, the Court will consider, whether: (i) the Settlement is fair, reasonable, adequate, and should be finally approved; (ii) the Plan of Allocation is fair and reasonable, and should be approved; and (iii) Lead Counsel's Fee and Expense Application is reasonable and should be approved. The Court will take into consideration any written objections filed in accordance with the instructions in Question 15 above. We do not know how long it will take the Court to make these decisions.

38. You should be aware that the Court may change the date and time of the Settlement Hearing without another notice being sent to Class Members. If you want to attend the hearing, you should check with Lead Counsel beforehand to be sure that the date and/or time has not changed, periodically check the Court's website at https://www.cand.uscourts.gov/cm-ecf, or periodically check the settlement website at www._____.com to see if the Settlement Hearing stays as calendared or is changed. Subscribers to PACER, a fee-based service, can also view the Court's docket for the Action for updates about the Settlement Hearing through the Court's on-line Case Management/Electronic Case Files System at https://www.pacer.gov.

**18. Do I have to come to the Settlement Hearing?**

39. No. Lead Counsel will answer any questions the Court may have. But, you are welcome to attend at your own expense. If you submit a valid and timely objection, the Court will consider it and you do not have to come to Court to discuss it. You may have your own lawyer attend (at your own expense), but it is not required. If you do hire your own lawyer, he

or she must file and serve a Notice of Appearance in the manner described in the answer to Question 19 below **no later than May 23, 2019**.

### 19. May I speak at the Settlement Hearing?

40.    You may ask the Court for permission to speak at the Settlement Hearing.  To do so, you must include with your objection (*see* Question 15), **no later than May 23, 2019,** a statement that you, or your attorney, intend to appear in "*In re Extreme Networks, Inc. Sec. Litig.,* No. 15-04883 (N.D. Cal.)."  Persons who intend to present evidence at the Settlement Hearing must also include in their objections the identities of any witnesses they may wish to call to testify and any exhibits they intend to introduce into evidence at the hearing.  You may not speak at the Settlement Hearing if you exclude yourself or if you have not provided written notice in accordance with the procedures described in this Question 19 and Question 15 above.

## IF YOU DO NOTHING

### 20. What happens if I do nothing at all?

41.    If you do nothing and you are a member of the Settlement Class, you will receive no money from this Settlement and you will be precluded from starting a lawsuit, continuing with a lawsuit, or being part of any other lawsuit against Defendants and the other Released Defendant Parties concerning the Released Claims.  To share in the Net Settlement Fund, you must submit a Claim Form (*see* Question 8 above).

## GETTING MORE INFORMATION

### 21. Are there more details about the Settlement?

42.    This Notice summarizes the proposed Settlement.  More details are in the Stipulation.  Lead Counsel's motions in support of final approval of the Settlement, the request for attorneys' fees and litigation expenses, and approval of the proposed Plan of Allocation will be filed with the Court no later than May 9, 2019 and be available from Lead Counsel, the Claims Administrator, or the Court, pursuant to the instructions below.

43.     You may review the Stipulation or documents filed in the case at the Office of the Clerk of the United States District Court for the Northern District of California, Robert F. Peckham Federal Building & United States Courthouse, 280 South 1st Street, Room 2112, San Jose, CA 95113 on weekdays (other than court holidays) between 9:00 a.m. and 4:00 p.m. Subscribers to PACER can also view the papers filed publicly in the Action through the Court's on-line Case Management/Electronic Case Files System at https://www.pacer.gov.

44.     You can also get a copy of the Stipulation and other case documents by calling the Claims Administrator toll free at (___) ____-_____; writing to the Claims Administrator at *Extreme Networks, Inc. Securities Litigation,* c/o _____ _____, ____; or visiting the website dedicated to the Settlement, www._____.com or the website of Lead Counsel, www.labaton.com. **Please do not call the Court with questions about the Settlement.**

## PLAN OF ALLOCATION OF NET SETTLEMENT FUND

### 22.  How will my claim be calculated?

45.     As discussed above, the Settlement Amount and any interest it earns constitute the Settlement Fund.  The Settlement Fund, after the deduction of Court-approved attorneys' fees and litigation expenses, Notice and Administration Expenses, Taxes, and any other fees or expenses approved by the Court, is the Net Settlement Fund.  If the Settlement is approved by the Court, the Net Settlement Fund will be distributed to eligible Authorized Claimants – *i.e.*, members of the Settlement Class who timely submit valid Claim Forms that are accepted for payment – in accordance with this proposed Plan of Allocation or such other plan of allocation as the Court may approve.  Settlement Class Members who do not timely submit valid Claim Forms will not share in the Net Settlement Fund, but will otherwise be bound by the Settlement. The Court may approve this proposed Plan of Allocation, or modify it, without additional notice to the Settlement Class.  Any order modifying the Plan of Allocation will be posted on the settlement website, www._____.com.

46. To design the Plan, Lead Counsel has conferred with Lead Plaintiff's damages expert. The objective of the Plan of Allocation is to distribute the Net Settlement Fund equitably among those Settlement Class Members who suffered economic losses as a proximate result of the alleged wrongdoing. The Plan of Allocation is not intended to estimate, or indicative of, the amounts that Settlement Class Members might have been able to recover after a trial. Nor are the calculations intended to estimate the amounts that will be paid to Authorized Claimants. The Plan of Allocation measures the amount of loss that a Settlement Class Member can claim for purposes of making *pro rata* allocations of the Net Settlement Fund to Authorized Claimants.

47. For losses to be compensable damages under the federal securities laws, the disclosure of the allegedly misrepresented information must be the cause of the change in the price of the securities at issue. In this case, Lead Plaintiff alleged that Defendants issued false statements and omitted material facts during the Class Period that artificially inflated the price of Extreme common stock and call options (and artificially deflated the price of Extreme put options). It is alleged that corrective information released to the market on February 5, 2014 (prior to market open), May 6, 2014 (after market close), October 15, 2014 (prior to market open), and April 9, 2015 (after market close) impacted the market prices of Extreme Securities in a statistically significant manner and removed the alleged artificial inflation (deflation for put options) from the prices on February 5, 2014, May 7-8, 2014, October 16, 2014, and April 10, 2015. Accordingly, in order to have a compensable loss in this Settlement, the Extreme common stock and call options must have been purchased or otherwise acquired during the Class Period and held through at least one of the alleged corrective disclosures listed above and, with respect to put options, those options must have been sold (written) during the Class Period and not closed through at least one of the alleged corrective disclosures.

## CALCULATION OF RECOGNIZED LOSS AMOUNTS

48. A "Recognized Loss Amount" will be calculated as set forth herein for each purchase of Extreme common stock and call options and each sale of Extreme put options during the Class Period that is listed in the Claim Form and for which adequate documentation is

Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses
Master File No. 3:15-cv-04883-BLF

19

provided. The sum of a claimant's Recognized Loss Amounts will be the claimant's "Recognized Claim." To the extent that the calculation of a claimant's Recognized Loss Amount results in a negative number, that number shall be set to zero.

**COMMON STOCK CALCULATIONS**

49. For each share of common stock purchased or otherwise acquired during the Class Period and sold before the close of trading on April 9, 2015, an "Out of Pocket Loss" will be calculated. Out of Pocket Loss is defined as the purchase price (excluding all fees, taxes, and commissions) minus the sale price (excluding all fees, taxes, and commissions). To the extent that the calculation of the Out of Pocket Loss results in a negative number, that number shall be set to zero.

50. **For each share of Extreme common stock purchased or acquired from September 12, 2013 through and including April 9, 2015 and:**

A. Sold before the opening of trading on February 5, 2014, the Recognized Loss Amount for each such share shall be zero.

B. Sold after the opening of trading on February 5, 2014, and before the close of trading on April 9, 2015, the Recognized Loss Amount for each such share shall be ***the lesser of***:

   1. the dollar artificial inflation applicable to each such share on the date of purchase/acquisition as set forth in **Table 1** below *minus* the dollar artificial inflation applicable to each such share on the date of sale as set forth in **Table 1** below; or

   2. the Out of Pocket Loss.

C. Sold after the close of trading on April 9, 2015, and before the close of trading on July 8, 2015, the Recognized Loss Amount for each such share shall be ***the least of***:

   1. the dollar artificial inflation applicable to each such share on the date of purchase/acquisition as set forth in **Table 1** below; or

   2. the actual purchase/acquisition price of each such share *minus* the average closing price from April 10, 2015, up to the date of sale as set forth in **Table 2**[3] (available at www. _____); or

---

[3] Pursuant to Section 21D(e)(1) of the Exchange Act, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security

Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses
Master File No. 3:15-cv-04883-BLF

20

3. the Out of Pocket Loss.

D. Held as of the close of trading on July 8, 2015, the Recognized Loss Amount for each such share shall be *the lesser of*:

1. the dollar artificial inflation applicable to each such share on the date of purchase/acquisition as set forth in **Table 1** below; or

2. the actual purchase/acquisition price of each such share *minus* the average closing price of $2.63.

## <u>TABLE 1</u>

**Extreme Networks Common Stock Artificial Inflation**
**For Purposes of Calculating Purchase and Sale Inflation**

| Transaction Date | Artificial Inflation Per Share |
|---|---|
| September 12, 2013 – February 4, 2014 | $3.50 |
| February 5, 2014 – May 6, 2014 | $3.28 |
| May 7, 2014 | $1.87 |
| May 8, 2014 – October 15, 2014 | $1.49 |
| October 16, 2014 – April 9, 2015 | $0.77 |

**CALL AND PUT OPTIONS CALCULATIONS**

51.     Exchange-traded options are traded in units called "contracts," which entitle the holder to buy (in the case of a call option) or sell (in the case of a put option) 100 shares of the underlying security, which in this case is Extreme common stock.  Throughout this Plan of Allocation, all price quotations are per share of the underlying security (i.e., 1/100 of a contract).

52.     Each option contract specifies a strike price and an expiration date.  Contracts with the same strike price and expiration date are referred to as a "series" and each series represents a different security that trades in the market and has its own market price (and thus artificial inflation or deflation).  Under the Plan of Allocation, the dollar artificial inflation per

and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." Consistent with this requirement, Recognized Loss Amounts are reduced by taking into account the closing prices of Extreme common stock during the "90-day look-back period," April 10, 2015 through July 8, 2015.  The mean (average) closing price for Extreme common stock during this 90-day look-back period was $2.63.

NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED SETTLEMENT, AND MOTION FOR ATTORNEYS' FEES AND EXPENSES
MASTER FILE NO. 3:15-CV-04883-BLF

21

share (i.e., 1/100 of a contract) for each series of Extreme call options and the dollar artificial deflation per share (i.e., 1/100 of a contract) for each series of Extreme put options has been calculated by Lead Plaintiff's damages expert.

53.     Transactions in Extreme options that expired before February 5, 2014 have a Recognized Loss Amount of zero under the Plan of Allocation.

54.     For each Extreme call option purchased or otherwise acquired during the Class Period and sold before the close of trading on April 9, 2015, and for each Extreme put option sold (written) during the Class Period and purchased before the close of trading on April 9, 2015, an "Out of Pocket Loss" will be calculated.  For Extreme call options closed through sale, the Out of Pocket Loss is the purchase/acquisition price (excluding all fees, taxes, and commissions) minus the sale price (excluding all fees, taxes, and commissions).  For Extreme call options closed through exercise or expiration, the Out of Pocket Loss is the purchase/acquisition price (excluding all fees, taxes, and commissions) *minus* the value per option on the date of exercise or expiration.[4]  For Extreme put options closed through purchase, the Out of Pocket Loss is the purchase/acquisition price (excluding all fees, taxes, and commissions) minus the sale price (excluding all fees, taxes, and commissions).  For Extreme put options closed through exercise or expiration, the Out of Pocket Loss is the value per option on the date of exercise or expiration[5] *minus* the sale price (excluding all fees, taxes, and commissions). To the extent that the calculation of the Out of Pocket Loss results in a negative number, that number shall be set to zero.

55.     **For each Extreme call option purchased or otherwise acquired from September 12, 2013 through and including April 9, 2015, and:**

---

[4] The "value" of the call option on the date of exercise or expiration shall be the closing price of Extreme common stock on the date of exercise or expiration minus the strike price of the option.  If this number is less than zero, the value of the call option is zero.

[5] The "value" of the put option on the date of exercise or expiration shall be the strike price of the option minus the closing price of Extreme common stock on the date of exercise or expiration.  If this number is less than zero, the value of the put option is zero.

A. Closed (through sale, exercise, or expiration) before the opening of trading on February 5, 2014, the Recognized Loss Amount for each such share shall be zero.

B. Closed (through sale, exercise, or expiration) after the opening of trading on February 5, 2014, and before the close of trading on April 9, 2015, the Recognized Loss Amount for each such share shall be *the lesser of*:

    1. the dollar artificial inflation applicable to each such share on the date of purchase/acquisition as set forth in **Table 3** below *minus* the dollar artificial inflation applicable to each such share on the date of sale as set forth in **Table 3** (available at www. _____); or

    2. the Out of Pocket Loss.

C. Open as of the close of trading on April 9, 2015, the Recognized Loss Amount for each such share shall be *the lesser of*:

    1. the dollar artificial inflation applicable to each such share on the date of purchase/acquisition as set forth in **Table 3** (available at www. _____); or

    2. the actual purchase/acquisition price of each such share *minus* the closing on April 10, 2015 (i.e., the "Holding Price") as set forth in **Table 3** (available at www. _____).

56. **For each Extreme put option sold (written) from September 12, 2013 through and including April 9, 2015, and:**

A. Closed (through purchase, exercise, or expiration) before the opening of trading on February 5, 2014, the Recognized Loss Amount for each such share shall be zero.

B. Closed (through purchase, exercise, or expiration) after the opening of trading on February 5, 2014, and before the close of trading on April 9, 2015, the Recognized Loss Amount for each such share shall be *the lesser of*:

    1. the dollar artificial deflation applicable to each such share on the date of sale (writing) as set forth in **Table 4** (available at www. _____) *minus* the dollar artificial deflation applicable to each such share on the date of close as set forth in **Table 4** (available at www. _____); or

    2. the Out of Pocket Loss.

C. Open as of the close of trading on April 9, 2015, the Recognized Loss Amount for each such share shall be *the lesser of*:

    1. the dollar artificial deflation applicable to each such share on the date of sale (writing) as set forth in **Table 4** (available at www. _____); or

2. the closing price on April 10, 2015 (i.e., the "Holding Price") as set forth in **Table 4** (available at www. _____) *minus* the sale (writing) price.

57. **Maximum Recovery for Options:** The Settlement proceeds available for Extreme call options purchased during the Class Period and Extreme put options sold (written) during the Class Period shall be limited to a total amount equal to 1% of the Net Settlement Fund.

## ADDITIONAL PROVISIONS OF THE PLAN OF ALLOCATION

58. If a Settlement Class Member has more than one purchase/acquisition or sale of any eligible Extreme Security during the Class Period, all purchases/acquisitions and sales of the like security shall be matched on a FIFO basis. With respect to Extreme common stock and call options, Class Period sales will be matched first against any holdings at the beginning of the Class Period and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Class Period. For Extreme put options, Class Period purchases will be matched first to close out positions open at the beginning of the Class Period, and then against put options sold (written) during the Class Period in chronological order.

59. Purchases/acquisitions and sales of Extreme Securities shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, inheritance or operation of law of Extreme Securities during the Class Period shall not be deemed a purchase, acquisition or sale of such securities for the calculation of an Authorized Claimant's Recognized Claim, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition of such security unless (i) the donor or decedent purchased or otherwise acquired the security during the Class Period; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such security; and (iii) it is specifically so provided in the instrument of gift or assignment.

Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses
Master File No. 3:15-CV-04883-BLF

24

60.     The Recognized Loss Amount on any portion of a purchase or acquisition that matches against (or "covers") a "short sale" is zero.  The Recognized Loss Amount on a "short sale" that is not covered by a purchase or acquisition is also zero.  In the event that a claimant has an opening short position in Extreme common stock at the start of the Class Period, the earliest Class Period purchases or acquisitions shall be matched against such opening short position in accordance with the FIFO matching described above and any portion of such purchases or acquisition that covers such short sales will not be entitled to recovery. In the event that a claimant newly establishes a short position during the Class Period, the earliest subsequent Class Period purchase or acquisition shall be matched against such short position on a FIFO basis and will not be entitled to a recovery.

61.     If a Settlement Class Member has "written" call options, thereby having a short position in the call options, the date of covering such a written position is deemed to be the date of purchase or acquisition of the call option.  The date on which the call option was written is deemed to be the date of sale of the call option.  In accordance with the Plan of Allocation, the earliest Class Period purchases or acquisitions shall be matched against such short positions in accordance with the FIFO matching described above and any portion of such purchases or acquisitions that cover such short positions will not be entitled to recovery.

62.     If a Settlement Class Member has purchased or acquired put options, thereby having a long position in the put options, the date of purchase/acquisition is deemed to be the date of purchase/acquisition of the put option.  The date on which the put option was sold, exercised, or expired is deemed to be the date of sale of the put option.  In accordance with the Plan of Allocation, the earliest sales or dispositions of like put options during the Class Period shall be matched against such long positions in accordance with the FIFO matching described above and any portion of the sales that cover such long positions shall not be entitled to a recovery.

63.     Publicly traded Extreme common stock, Extreme call options, and Extreme put options are the only securities eligible for recovery under the Plan of Allocation.  With respect to

Extreme common stock purchased or sold through the exercise of an option, the purchase/sale date of the Extreme common stock is the exercise date of the option and the purchase/sale price is the exercise price of the option.

64. An Authorized Claimant's Recognized Claim shall be the amount used to calculate the Authorized Claimant's share of the Net Settlement Fund. To the extent there are sufficient funds in the Net Settlement Fund, each Authorized Claimant will receive an amount equal to his, her, or its Recognized Claim. If, however, the sum total of Recognized Claims of all Authorized Claimants is greater than the Net Settlement Fund, each Authorized Claimant shall receive the percentage of the Net Settlement Fund that his, her, or its Recognized Claim bears to the total Recognized Claims of all Authorized Claimants, i.e., the Authorized Claimant's *pro rata* share.

65. The Net Settlement Fund will be allocated *pro rata* among all Authorized Claimants. If the prorated payment to an Authorized Claimant calculates to less than $10.00, the payment will be sent through the Authorized Claimant's PayPal account, rather than a paper check, given the costs associated with mailing checks. **If the claimant does not provide the information required to process a payment through PayPal and/or have an active PayPal account at the time of payment, the claimant will not receive a payment.** If the prorated payment to an Authorized Claimant calculates to between $10.00 and $100.00, the claimant may choose to receive a payment through a PayPal account or check. Payments for more than $100.00 will be by check.

66. Distributions to eligible Authorized Claimants will be made after claims have been processed. After an initial distribution of the Net Settlement Fund, if there is any balance remaining in the Net Settlement Fund (whether by reason of tax refunds, uncashed checks or otherwise) after at least six (6) months from the date of initial distribution of the Net Settlement Fund, Lead Counsel shall, if feasible and economical after payment of Notice and Administration Expenses, Taxes, and attorneys' fees and expenses if any, redistribute such balance among Authorized Claimants who have cashed their checks in an equitable and

economic fashion. These redistributions shall be repeated until the balance in the Net Settlement Fund is no longer feasible to distribute to Authorized Claimants. Once it is no longer feasible or economical to make further distributions, any balance that still remains in the Net Settlement Fund after re-distribution(s) and after payment of outstanding Notice and Administration Expense, Taxes, and attorneys'' fees and expenses, if any, shall be contributed to Consumer Federation of America.

67. Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, shall be conclusive against all claimants. No person shall have any claim against Lead Plaintiff, Plaintiffs' Counsel, Lead Plaintiff's damages expert, Defendants, Defendants' Counsel, any of the other Released Plaintiffs Parties or Released Defendant Parties, or the Claims Administrator or other agent designated by Lead Counsel, arising from distributions made substantially in accordance with the Stipulation, the Plan of Allocation approved by the Court, or further orders of the Court. Lead Plaintiff, Defendants and their respective counsel, and all other Released Defendant Parties, shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund; the Plan of Allocation; the determination, administration, calculation, or payment of any Claim Form or nonperformance of the Claims Administrator; the payment or withholding of Taxes; or any losses incurred in connection therewith.

68. The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any claimant. Each claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim Form.

## SPECIAL NOTICE TO SECURITIES BROKERS AND NOMINEES

69. If you purchased or otherwise acquired Extreme Securities during the Class Period for the beneficial interest of a person or entity other than yourself, the Court has directed that **WITHIN SEVEN (7) DAYS OF YOUR RECEIPT OF THIS NOTICE**, **YOU MUST EITHER**: (a) provide to the Claims Administrator the name and last known address of each

Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses
Master File No. 3:15-cv-04883-BLF

27

such person or entity; or (b) request additional copies of this Notice and the Claim Form from the Claims Administrator, which will be provided to you free of charge, and **WITHIN SEVEN (7) DAYS** of receipt, mail the Notice and Claim Form directly to all such persons or entities. If you choose to follow procedure (b), the Court has also directed that, upon making that mailing, **YOU MUST SEND A STATEMENT** to the Claims Administrator confirming that the mailing was made as directed and keep a record of the names and mailing addresses used. Upon full and timely compliance with these directions, you may seek reimbursement from the Settlement Fund of your reasonable expenses actually incurred in connection with the foregoing, upon request and submission of appropriate documentation. All communications concerning the foregoing should be addressed to the Claims Administrator: *Extreme Networks, Inc. Securities Litigation*, Claims Administrator, _____, (800) ____, [email], www._____.

Dated: _____, _____

BY ORDER OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

### [TABLES FOR POSTING ON WEBSITE]

**TABLE 2**

**Extreme Networks Common Stock Closing Price and Average Closing Price April 10, 2015 – July 8, 2015**

| Date | Closing Price | Average Closing Price Between April 10, 2015 and Date Shown | | Date | Closing Price | Average Closing Price Between April 10, 2015 and Date Shown |
|---|---|---|---|---|---|---|
| 4/10/2015 | $2.50 | $2.50 | | 5/26/2015 | $2.59 | $2.54 |
| 4/13/2015 | $2.47 | $2.49 | | 5/27/2015 | $2.65 | $2.55 |
| 4/14/2015 | $2.41 | $2.46 | | 5/28/2015 | $2.68 | $2.55 |
| 4/15/2015 | $2.45 | $2.46 | | 5/29/2015 | $2.71 | $2.56 |
| 4/16/2015 | $2.45 | $2.46 | | 6/1/2015 | $2.65 | $2.56 |
| 4/17/2015 | $2.42 | $2.45 | | 6/2/2015 | $2.70 | $2.56 |
| 4/20/2015 | $2.51 | $2.46 | | 6/3/2015 | $2.80 | $2.57 |
| 4/21/2015 | $2.53 | $2.47 | | 6/4/2015 | $2.58 | $2.57 |

Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses
Master File No. 3:15-CV-04883-BLF

28

| Date | Closing Price | Average Closing Price Between April 10, 2015 and Date Shown | Date | Closing Price | Average Closing Price Between April 10, 2015 and Date Shown |
|---|---|---|---|---|---|
| 4/22/2015 | $2.52 | $2.47 | 6/5/2015 | $2.64 | $2.57 |
| 4/23/2015 | $2.57 | $2.48 | 6/8/2015 | $2.61 | $2.57 |
| 4/24/2015 | $2.55 | $2.49 | 6/9/2015 | $2.61 | $2.57 |
| 4/27/2015 | $2.58 | $2.50 | 6/10/2015 | $2.67 | $2.57 |
| 4/28/2015 | $2.65 | $2.51 | 6/11/2015 | $2.83 | $2.58 |
| 4/29/2015 | $2.60 | $2.52 | 6/12/2015 | $2.95 | $2.59 |
| 4/30/2015 | $2.52 | $2.52 | 6/15/2015 | $2.87 | $2.59 |
| 5/1/2015 | $2.54 | $2.52 | 6/16/2015 | $3.01 | $2.60 |
| 5/4/2015 | $2.55 | $2.52 | 6/17/2015 | $2.95 | $2.61 |
| 5/5/2015 | $2.49 | $2.52 | 6/18/2015 | $2.91 | $2.62 |
| 5/6/2015 | $2.59 | $2.52 | 6/19/2015 | $2.92 | $2.62 |
| 5/7/2015 | $2.47 | $2.52 | 6/22/2015 | $2.84 | $2.63 |
| 5/8/2015 | $2.51 | $2.52 | 6/23/2015 | $2.85 | $2.63 |
| 5/11/2015 | $2.54 | $2.52 | 6/24/2015 | $2.77 | $2.63 |
| 5/12/2015 | $2.56 | $2.52 | 6/25/2015 | $2.77 | $2.64 |
| 5/13/2015 | $2.59 | $2.52 | 6/26/2015 | $2.76 | $2.64 |
| 5/14/2015 | $2.59 | $2.53 | 6/29/2015 | $2.65 | $2.64 |
| 5/15/2015 | $2.66 | $2.53 | 6/30/2015 | $2.69 | $2.64 |
| 5/18/2015 | $2.57 | $2.53 | 7/1/2015 | $2.60 | $2.64 |
| 5/19/2015 | $2.63 | $2.54 | 7/2/2015 | $2.59 | $2.64 |
| 5/20/2015 | $2.56 | $2.54 | 7/6/2015 | $2.48 | $2.64 |
| 5/21/2015 | $2.60 | $2.54 | 7/7/2015 | $2.45 | $2.63 |
| 5/22/2015 | $2.62 | $2.54 | 7/8/2015 | $2.36 | $2.63 |

**TABLE 3 – Extreme Networks Call Option Daily Artificial Inflation per Share and Holding Values**

| Expiration Date | Strike Price | Call Option Artificial Inflation per Share During Trading Periods | | | | | Holding Value |
|---|---|---|---|---|---|---|---|
| | | 9/12/2013 through 2/4/2014 | 2/5/2014 through 5/6/2014 | 5/7/2014 | 5/8/2014 through 10/15/2014 | 10/16/2014 through 4/9/2015 | |
| 2/22/2014 | $5.00 | $0.20 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 2/22/2014 | $7.50 | $0.04 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 2/22/2014 | $10.00 | $0.01 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 3/22/2014 | $2.50 | $0.21 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 3/22/2014 | $5.00 | $0.18 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 3/22/2014 | $7.50 | $0.05 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 5/17/2014 | $2.50 | $0.00 | $1.81 | $0.38 | $0.00 | $0.00 | $0.00 |
| 5/17/2014 | $5.00 | $0.00 | $0.50 | $0.02 | $0.00 | $0.00 | $0.00 |
| 5/17/2014 | $7.50 | $0.00 | $0.03 | $0.00 | $0.00 | $0.00 | $0.00 |
| 6/21/2014 | $2.50 | $1.97 | $1.76 | $0.33 | $0.00 | $0.00 | $0.00 |
| 6/21/2014 | $5.00 | $0.72 | $0.55 | $0.00 | $0.00 | $0.00 | $0.00 |
| 6/21/2014 | $7.50 | $0.14 | $0.08 | $0.00 | $0.00 | $0.00 | $0.00 |

Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses
Master File No. 3:15-cv-04883-BLF

29

| Expiration Date | Strike Price | Call Option Artificial Inflation per Share During Trading Periods | | | | | Holding Value |
|---|---|---|---|---|---|---|---|
| | | 9/12/2013 through 2/4/2014 | 2/5/2014 through 5/6/2014 | 5/7/2014 | 5/8/2014 through 10/15/2014 | 10/16/2014 through 4/9/2015 | |
| 6/21/2014 | $10.00 | $0.06 | $0.05 | $0.02 | $0.00 | $0.00 | $0.00 |
| 9/20/2014 | $2.50 | $1.89 | $1.69 | $0.31 | $0.00 | $0.00 | $0.00 |
| 9/20/2014 | $5.00 | $0.89 | $0.73 | $0.05 | $0.00 | $0.00 | $0.00 |
| 9/20/2014 | $7.50 | $0.31 | $0.20 | $0.00 | $0.00 | $0.00 | $0.00 |
| 9/20/2014 | $10.00 | $0.09 | $0.08 | $0.00 | $0.00 | $0.00 | $0.00 |
| 11/22/2014 | $5.00 | $0.00 | $0.00 | $0.00 | $0.10 | $0.00 | $0.00 |
| 12/20/2014 | $2.50 | $0.00 | $2.09 | $0.86 | $0.50 | $0.00 | $0.00 |
| 12/20/2014 | $5.00 | $0.00 | $0.95 | $0.22 | $0.13 | $0.00 | $0.00 |
| 12/20/2014 | $7.50 | $0.00 | $0.20 | $0.02 | $0.00 | $0.00 | $0.00 |
| 3/20/2015 | $2.50 | $0.00 | $0.00 | $0.00 | $0.48 | $0.00 | $0.00 |
| 3/20/2015 | $5.00 | $0.00 | $0.00 | $0.00 | $0.18 | $0.00 | $0.00 |
| 3/20/2015 | $7.50 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 4/17/2015 | $5.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.05 | $0.03 |
| 6/19/2015 | $2.50 | $0.00 | $0.00 | $0.00 | $0.00 | $0.53 | $0.30 |
| 6/19/2015 | $5.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.03 | $0.05 |
| 9/18/2015 | $2.50 | $0.00 | $0.00 | $0.00 | $0.00 | $0.53 | $0.40 |
| 9/18/2015 | $5.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.10 | $0.08 |

## TABLE 4 – Extreme Networks Put Option Daily Artificial Deflation per Share and Holding Values

| Expiration Date | Strike Price | Put Option Artificial Deflation per Share During Trading Periods | | | | | Holding Value |
|---|---|---|---|---|---|---|---|
| | | 9/12/2013 through 2/4/2014 | 2/5/2014 through 5/6/2014 | 5/7/2014 | 5/8/2014 through 10/15/2014 | 10/16/2014 through 4/9/2015 | |
| 2/22/2014 | $7.50 | $0.16 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 3/22/2014 | $5.00 | $0.01 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 3/22/2014 | $7.50 | $0.16 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 5/17/2014 | $5.00 | $0.00 | $1.24 | $0.36 | $0.00 | $0.00 | $0.00 |
| 5/17/2014 | $7.50 | $0.00 | $1.76 | $0.33 | $0.00 | $0.00 | $0.00 |
| 6/21/2014 | $5.00 | $1.15 | $1.14 | $0.36 | $0.00 | $0.00 | $0.00 |
| 6/21/2014 | $7.50 | $1.89 | $1.76 | $0.33 | $0.00 | $0.00 | $0.00 |
| 6/21/2014 | $10.00 | $1.96 | $1.78 | $0.33 | $0.00 | $0.00 | $0.00 |
| 9/20/2014 | $2.50 | $0.07 | $0.07 | $0.02 | $0.00 | $0.00 | $0.00 |
| 9/20/2014 | $5.00 | $1.01 | $0.97 | $0.19 | $0.00 | $0.00 | $0.00 |
| 9/20/2014 | $7.50 | $1.73 | $1.61 | $0.33 | $0.00 | $0.00 | $0.00 |
| 9/20/2014 | $10.00 | $1.96 | $1.78 | $0.38 | $0.00 | $0.00 | $0.00 |
| 11/22/2014 | $5.00 | $0.00 | $0.00 | $0.00 | $0.55 | $0.00 | $0.00 |
| 12/20/2014 | $5.00 | $0.00 | $1.44 | $0.81 | $0.53 | $0.00 | $0.00 |
| 12/20/2014 | $7.50 | $0.00 | $2.16 | $0.98 | $0.65 | $0.00 | $0.00 |
| 12/20/2014 | $10.00 | $0.00 | $2.23 | $0.88 | $0.50 | $0.00 | $0.00 |
| 3/20/2015 | $5.00 | $0.00 | $0.00 | $0.00 | $0.45 | $0.00 | $0.00 |
| 3/20/2015 | $7.50 | $0.00 | $0.00 | $0.00 | $0.60 | $0.00 | $0.00 |
| 6/19/2015 | $2.50 | $0.00 | $0.00 | $0.00 | $0.00 | $0.15 | $0.28 |
| 6/19/2015 | $5.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.75 | $2.58 |
| 9/18/2015 | $2.50 | $0.00 | $0.00 | $0.00 | $0.00 | $0.23 | $0.48 |
| 9/18/2015 | $5.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.68 | $2.60 |

Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses
Master File No. 3:15-cv-04883-BLF

30



**Exhibit 2**

**LABATON SUCHAROW LLP**
Carol C. Villegas (*pro hac vice*)
Alec T. Coquin (*pro hac vice*)
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
Email: cvillegas@labaton.com
       acoquin@labaton.com

*Counsel for Lead Plaintiff and Lead Counsel
for the Class*

**BERMAN TABACCO**
Nicole Lavallee (SBN 165755)
A. Chowning Poppler (SBN 272870)
44 Montgomery Street, Ste. 650
San Francisco, CA 94111
Telephone: (415) 433-3200
Facsimile: (415) 433-6382
Email: nlavallee@bermantabacco.com
      cpoppler@bermantabacco.com

*Liaison Counsel for the Class*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| IN RE EXTREME NETWORKS, INC. SECURITIES LITIGATION<br><br>This Document Relates to:<br><br>All Actions. | Master File No. 3:15-cv-04883-BLF<br><br><u>CLASS ACTION</u><br><br>~~[REVISED]~~ **PROOF OF CLAIM AND RELEASE**<br><br>EXHIBIT A-2 |

# I.     GENERAL INSTRUCTIONS

1.     Capitalized terms not defined in this Proof of Claim and Release ("Claim Form") have the same meaning as set forth in the Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses ("Notice") that accompanies this Claim Form and the Stipulation and Agreement of Settlement, dated as of November 30, 2018 (the "Stipulation").

2.     To be eligible to recover from the Net Settlement Fund in the action entitled *In re Extreme Networks, Inc. Sec. Litig*., No. 15-04883-BLF (N.D. Cal.)" (the "Action"), you must complete and, on page ___ , sign this Claim Form.  If you fail to submit a properly completed and addressed Claim Form, your claim may be rejected and you may be precluded from any recovery from the Net Settlement Fund created in connection with the Settlement of the Action. **Submission of this Claim Form, however, does not assure that you will share in the Net Settlement Fund.**

3.     **YOU MUST MAIL OR SUBMIT YOUR COMPLETED AND SIGNED CLAIM FORM ONLINE SO THAT IT IS POSTMARKED OR RECEIVED NO LATER THAN JUNE 6, 2019, ADDRESSED AS FOLLOWS:**

*Extreme Networks, Inc. Securities Litigation*

c/o _____

P.O. Box _____

_____

To be considered timely, your Claim Form must be postmarked or received by the deadline above.  A Claim Form will be deemed to be submitted when mailed, if received with a postmark on the envelope and if mailed by first-class or overnight U.S. Mail and addressed in accordance with the instructions above.  In all other cases, the Claim Form will be deemed to have been submitted when actually received by the Claims Administrator.

4.     Please note that if you have an eligible claim that calculates to a payment of less than $10.00, your payment will be sent to you through PayPal, using an account that you establish, rather than a paper check, given the costs associated with mailing checks.  **If you do**

**not provide the information required to process a payment through PayPal and/or you do not have an active PayPal account at the time of payment you will not receive a payment.** For instance, as noted in the Notice, if the average settlement recovery is $0.04 per damage share and you purchased 200 damaged shares, your payment may be $8.00.  If your payment is $8.00, you will be paid only through your PayPal account.  If you purchased 500 shares your payment may be $20.00.  **However, please remember that the average recovery amount of $0.04 per damaged share is only an estimate and Settlement Class Members may recover more or less.**  An individual Settlement Class Member's actual recovery will depend on numerous factors.  These factors are fully explained in the Plan of Allocation beginning on page __ of the Notice.  Please refer to the Plan for information on the calculation of your Recognized Claim.

5.      If your payment is between $10.00 and $100.00, you may choose to receive a payment through a PayPal account that you establish or by check.  *See* page ___, below.  Payments for more than $100.00 will be by check.

6.      If you are NOT a Settlement Class Member (as defined in the Notice), **DO NOT** submit a Claim Form.  If you are a Settlement Class Member and have not requested exclusion, you will be bound by the terms of the Settlement and any judgment entered in this Action, **WHETHER OR NOT YOU SUBMIT A CLAIM FORM**.

7.      NOTICE REGARDING ELECTRONIC FILES:  Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files.  To obtain the mandatory electronic filing requirements and file layout, you may visit the settlement website at www._____.com or you may email the Claims Administrator's electronic filing department at questions@_____.com.  Any file not in accordance with the required electronic filing format will be subject to rejection.  No electronic files will be considered to have been properly submitted unless the Claims Administrator issues an email after processing your file with your claim numbers and respective account information.  Do not assume that your file has been received or processed until you receive this email.  If you do not receive such an email within 10 days of your submission, you

should contact the electronic filing department at questions@_____.com to inquire about your file and confirm it was received and acceptable.

<table>
<tr><td style="border:1px solid red">MUST BE POSTMARKED OR RECEIVED ONLINE NO LATER THAN JUNE 6, 2019</td><td>*In re Extreme Networks, Inc. Securities Litigation*<br><br>**PROOF OF CLAIM AND RELEASE**<br><br>Use Blue or Black Ink Only</td><td style="border:1px solid red">For Official Use Only</td></tr>
</table>

### PART I: <u>CLAIMANT IDENTIFICATION</u> –

The Claims Administrator will use this information for all communications regarding this Claim Form. If this information changes, you **MUST** notify the Claims Administrator in writing at the address above.

Beneficial Owner's First Name            Beneficial Owner's Last Name

Co-Beneficial Owner's First Name         Co-Beneficial Owner's Last Name

Entity Name (if Beneficial Owner is not an individual)

Representative or Custodian Name (if different from Beneficial Owner(s) listed above)

Address 1 (street name and number)

Address 2 (apartment, unit or box number)

City                                                     State    Zip Code

Country

Last four digits of Social Security Number or Taxpayer Identification Number

|   |   |   |   |   |

Telephone Number (home)                    Telephone Number (work)

| | | | | | | | |    | | | | | | | | |

Email address for communications (Email address is generally not required, but if you provide it, you authorize the Claims Administrator to use it in providing you with information relevant to this claim.):

| | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |

Email address for payment to PayPal account (Required in order to receive a settlement payment of less than $10.00 or, if your settlement payment is between $10.00 and $100.00, you elect an electronic payment below.):

| | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |

If my (our) settlement payment is between $10.00 and $100.00, I (we) wish to receive payment from the Settlement ☐ by check or ☐ by credit to the PayPal account associated with the above email address.  (Please note, you must have an active PayPal account associated with this email address at the time of payment.  If you do not, you will receive a check.)

Account Number (where securities were traded):

| | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |

Claimant Account Type (check appropriate box):

    Individual (includes joint owner accounts)        Pension Plan            Trust

    Corporation                                       Estate

        IRA/401K                                      Other _____ (please specify)

**PART II:** **TRANSACTIONS IN EXTREME PUBLICLY TRADED COMMON STOCK**

**1. BEGINNING HOLDINGS** – State the total number of shares of common stock held as of the opening of trading on September 12, 2013. If none, write "0" or "Zero." (Must be documented.)

_____

**2. PURCHASES/ACQUISITIONS DURING THE CLASS PERIOD** – Separately list each and every purchase/acquisition of common stock from after the opening of trading on September 12, 2013 through and including the close of trading on April 9, 2015. (Must be documented.)

| Date of Purchase (List Chronologically) (MM/DD/YY) | Number of Shares Purchased | Purchase Price Per Share | Total Purchase Price (excluding taxes, commissions and fees) |
|---|---|---|---|
| /        / | | $ | $ |
| /        / | | $ | $ |
| /        / | | $ | $ |
| /        / | | $ | $ |

**3. PURCHASES/ACQUISITIONS DURING 90-DAY LOOKBACK PERIOD** – State the total number of shares of common stock purchased/acquired from after the opening of trading on April 10, 2015 and including the close of trading on July 8, 2015.[1] (Must be documented.)

**4. SALES DURING THE CLASS PERIOD AND DURING THE 90-DAY LOOKBACK PERIOD** – Separately list each and every sale/disposition of common stock from after the opening of trading on September 12, 2013 through and including the close of trading on July 8, 2015. (Must be documented.)

| Date of Sale (List Chronologically) (MM/DD/YY) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (excluding taxes, commissions and fees) |
|---|---|---|---|
| /        / | | $ | $ |
| /        / | | $ | $ |
| /        / | | $ | $ |
| /        / | | $ | $ |

**5. ENDING HOLDINGS** – State the total number of shares of common stock held as of the close of trading on July 8, 2015. If none, write "0" or "Zero." (Must be documented.)

_____

_____

[1] Information requested in this Claim Form with respect to your transactions from the opening of trading on April 10, 2015 through and including the close of trading on July 8, 2015, is needed only in order to balance your claim. Purchases/acquisitions/sales of put options during this period are not eligible to participate in the Settlement because they are outside the Class Period.

**IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS YOU MUST PHOTOCOPY THIS PAGE AND CHECK THIS BOX** ☐

**PART III:** **TRANSACTIONS IN EXTREME EXCHANGE-TRADED CALL OPTIONS**

**1. BEGINNING HOLDINGS** – State the total number of call option contracts held as of the opening of trading on September 12, 2013.  If none, write "0" or "Zero."  (Must be documented.)

| Strike Price of Call Option Contract | Number of Call Option Contracts Held | Expiration Date of Call Option Contract (MM/DD/YY) |
|---|---|---|
| $ | | / |
| $ | | / |
| $ | | / |
| $ | | / |

**2. PURCHASES/ACQUISITIONS DURING THE CLASS PERIOD** – Separately list each and every purchase/acquisition of call option contracts from after the opening of trading on September 12, 2013 through and including the close of trading on April 9, 2015.  (Must be documented.)

| Date of Purchase (List Chrono-logically) (MM/DD/YY) | Strike Price of Call Option Contract | Number of Call Option Contracts Purchased | Purchase Price Per Call Option Contract | Total Purchase Price (excluding taxes, commissions and fees) | Insert "E" if Exercised. Insert "X" if Expired | Exercise Date (MM/DD/YY) | Expiration Date of Call Option Contract (MM/DD/YY) |
|---|---|---|---|---|---|---|---|
| /   / | $ | | $ | $ | | /   / | / |
| /   / | $ | | $ | $ | | /   / | / |
| /   / | $ | | $ | $ | | /   / | / |
| /   / | $ | | $ | $ | | /   / | / |

**3. SALES DURING THE CLASS PERIOD AND DURING THE 90-DAY LOOKBACK PERIOD** – Separately list each and every sale/disposition of the call option contracts listed in #2 above from after the opening of trading on September 12, 2013 through and including the close of trading on July 8, 2015.  (Must be documented.)

| Date of Sale (List Chrono-logically) (MM/DD/YY) | Strike Price of Call Option Contract | Number of Call Option Contracts Sold | Sale Price Per Call Option Contract | Total Sale Price (excluding taxes, commissions and fees | Insert "A" if Assigned. Insert "X" if Expired | Expiration Date of Call Option Contract (MM/DD/YY) |
|---|---|---|---|---|---|---|

| | | | | | | |
|---|---|---|---|---|---|---|
| / / | $ | | $ | $ | | / |
| / / | $ | | $ | $ | | / |
| / / | $ | | $ | $ | | / |
| / / | $ | | $ | $ | | / |

**4. ENDING HOLDINGS** – State the total number of call option contracts open after the close of trading on July 8, 2015. If none, write "0" or "Zero." (Must be documented.)

| Strike Price of Call Option Contract | Number of Call Option Contracts Held | Expiration Date of Call Option Contract (MM/DD/YY) |
|---|---|---|
| $ | | / |
| $ | | / |
| $ | | / |
| $ | | / |

**IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS YOU MUST PHOTOCOPY THIS PAGE AND CHECK THIS BOX** ☐

**PART IV: TRANSACTIONS IN EXTREME EXCHANGE-TRADED PUT OPTIONS**

**1. BEGINNING HOLDINGS** – State the total number of put option contracts held as of the opening of trading on September 12, 2013. If none, write "0" or "Zero." (Must be documented.)

| Strike Price of Put Option Contract | Number of Put Option Contracts Held | Expiration Date of Put Option Contract (MM/DD/YY) |
|---|---|---|
| $ | | / |
| $ | | / |
| $ | | / |
| $ | | / |

**2. SALES (WRITING OF PUT OPTIONS) DURING THE CLASS PERIOD** – Separately list each and every sale (writing) of put option contracts from after the opening of trading on September 12, 2013 through and including the close of trading on April 9, 2015. (Must be documented.)

| Date of Sale (Writing)(List Chronologically) | Strike Price of Put Option | Number of Put Option Contracts | Sale Price Per Put Option | Total Sale Price (excluding | Insert "E" if Exercised. Insert "X" if Expired. | Expiration Date of Put Option |
|---|---|---|---|---|---|---|

| (MM/DD/YY) | Contract | Sold (Written) | Contract | taxes, commissions and fees) | | Contract (MM/DD/YY) |
|---|---|---|---|---|---|---|
| / / | $ | | $ | $ | | / |
| / / | $ | | $ | $ | | / |
| / / | $ | | $ | $ | | / |
| / / | $ | | $ | $ | | / |

**3. RE-PURCHASES DURING THE CLASS PERIOD AND DURING THE 90-DAY LOOKBACK PERIOD** – Separately list each and every re-purchase of put option contracts listed in #2 above from after the opening of trading on September 12, 2013 through and including the close of trading on July 8, 2015. (Must be documented.)

| Date of Re-Purchase (List Chrono-logically) (MM/DD/YY) | Strike Price of Put Option Contract | Number of Put Option Contracts Purchased | Purchase Price Per Put Option Contract | Total Purchase Price (excluding taxes, commissions and fees) | | Expiration Date of Put Option Contract (MM/DD/YY) |
|---|---|---|---|---|---|---|
| / / | $ | | $ | $ | | / |
| / / | $ | | $ | $ | | / |
| / / | $ | | $ | $ | | / |
| / / | $ | | $ | $ | | / |

**4. ENDING HOLDINGS** – State the total number of put option contracts held as of the close of trading on July 8, 2015. If none, write "0" or "Zero." (Must be documented.)

| Strike Price of Put Option Contract | Number of Put Option Contracts Held | Expiration Date of Put Option Contract (MM/DD/YY) |
|---|---|---|
| $ | | / |
| $ | | / |
| $ | | / |
| $ | | / |

**IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS YOU MUST PHOTOCOPY THIS PAGE AND CHECK THIS BOX** ☐

## II. SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS

By signing and submitting this Claim Form, the claimant(s) or the person(s) acting on behalf of the claimant(s) certify(ies) that: I (We) submit this Claim Form under the terms of the Plan of Allocation of Net Settlement Fund described in the accompanying Notice. I (We) also submit to the jurisdiction of the United States District Court for the Northern District of California (the "Court") with respect to my (our) claim as a Settlement Class Member(s) and for purposes of enforcing the releases set forth herein. I (We) further acknowledge that I (we) will be bound by the terms of any judgment entered in connection with the Settlement in the Action, including the releases set forth therein. I (We) agree to furnish additional information to the Claims Administrator to support this claim, such as additional documentation for transactions in eligible Extreme Securities, if required to do so. I (We) have not submitted any other claim covering the same transactions in publicly traded Extreme Securities during the alleged Class Period and know of no other person having done so on my (our) behalf.

## III. RELEASES, WARRANTIES, AND CERTIFICATION

1.      I (We) hereby warrant and represent that I am (we are) a Settlement Class Member as defined in the Notice, that I am (we are) not excluded from the Settlement Class, that I am (we are) not one of the "Released Defendant Parties" as defined in the accompanying Notice.

2.      As a Settlement Class Member, I (we) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever settle, release, and discharge with prejudice the Released Claims as to each and all of the Released Defendant Parties (as these terms are defined in the accompanying Notice). This release shall be of no force or effect unless and until the Court approves the Settlement and it becomes effective on the Effective Date.

3.     I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

4.     I (We) hereby warrant and represent that I (we) have included information about all of my (our) purchases, acquisitions and sales and other transactions in publicly traded Extreme Securities that occurred during the Class Period and the number of securities held by me (us), to the extent requested.

5.     I (We) certify that I am (we are) NOT subject to backup tax withholding.  (If you have been notified by the Internal Revenue Service that you are subject to backup withholding, please strike out the prior sentence.)

I (We) declare that all of the foregoing information supplied by the undersigned is true and correct.

Executed this _____ day of _____, 2019

_____          _____
Signature of Claimant                                    (Type or print name of Claimant)

_____          _____
Signature of Joint Claimant, if any                (Type or print name of Joint Claimant, if any)

_____          _____
Signature of person signing on behalf          (Type or print name of person signing,
of Claimant                                              on behalf of Claimant)

_____
Capacity of person signing on behalf of Claimant, if other than an individual (e.g., Administrator, Executor, Trustee, President, Custodian, Power of Attorney, etc.)

**REMINDER CHECKLIST:**

1.      Please sign this Claim Form.

2.      DO NOT HIGHLIGHT THE CLAIM FORM OR YOUR SUPPORTING DOCUMENTATION.

3.      Attach only copies of supporting documentation as these documents will not be returned to you.

4.      Keep a copy of your Proof of Claim for your records.

5.      The Claims Administrator will acknowledge receipt of your Claim Form by mail, within 60 days. **Your claim is not deemed submitted until you receive an acknowledgment postcard.** If you do not receive an acknowledgment postcard within 60 days, please call the Claims Administrator toll free at XXX-XXX-XXXX.

6.      If you move after submitting this Claim Form please notify the Claims Administrator of the change in your address, otherwise you may not receive additional notices or payment.



**Exhibit 3**

**LABATON SUCHAROW LLP**
Carol C. Villegas (*pro hac vice*)
Alec T. Coquin (*pro hac vice*)
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
Email: cvillegas@labaton.com
        acoquin@labaton.com

*Counsel for Lead Plaintiff and Lead Counsel
for the Class*

**BERMAN TABACCO**
Nicole Lavallee (SBN 165755)
A. Chowning Poppler (SBN 272870)
44 Montgomery Street, Ste. 650
San Francisco, CA 94111
Telephone: (415) 433-3200
Facsimile: (415) 433-6382
Email: nlavallee@bermantabacco.com
        cpoppler@bermantabacco.com

*Liaison Counsel for the Class*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| IN RE EXTREME NETWORKS, INC. SECURITIES LITIGATION<br><br>This Document Relates to:<br><br>All Actions. | Master File No. 3:15-cv-04883-BLF<br><br>CLASS ACTION<br><br>SUMMARY NOTICE OF PROPOSED CLASS ACTION SETTLEMENT AND MOTION FOR ATTORNEYS' FEES AND EXPENSES<br><br>EXHIBIT A-3 |

**TO: ALL PERSONS AND ENTITIES THAT PURCHASED OR OTHERWISE ACQUIRED THE PUBLICLY TRADED COMMON STOCK AND EXCHANGE TRADED CALL OPTIONS, AND/OR SOLD PUT OPTIONS, OF EXTREME NETWORKS, INC., DURING THE PERIOD FROM SEPTEMBER 12, 2013 THROUGH APRIL 9, 2015.**

YOU ARE HEREBY NOTIFIED, pursuant to an Order of the United States District Court for the Northern District of California, that Lead Plaintiff Arkansas Teacher Retirement System, on behalf of itself and the proposed Settlement Class, and Extreme Networks, Inc. ("Extreme" or "the Company"), Charles W. Berger, Kenneth B. Arola, and John T. Kurtzweil (collectively, the "Individual Defendants," and with the Company, "Defendants"), have reached a settlement in the above-captioned action (the "Action") in the amount of $7,000,000 in cash (the "Settlement Amount") that, if approved by the Court, will resolve all claims in the Action.[1]

A hearing will be held before the Honorable Beth Labson Freeman of the United States District Court for the Northern District of California in Courtroom ___, ___ Floor, Robert F. Peckham Federal Building & United States Courthouse, 280 South 1st Street, San Jose, CA 95113 at __:___ ___.m. on _____ __, 2019 to, among other things, determine whether (1) the Settlement should be approved by the Court as fair, reasonable, and adequate; (2) the Plan of Allocation for distribution of the Settlement Amount, and any interest thereon, less Court-awarded attorneys' fees, Notice and Administration Expenses, Taxes, and any other costs, fees, or expenses approved by the Court (the "Net Settlement Fund") should be approved as fair, reasonable, and adequate; and (3) to approve the application of Lead Counsel for an award of attorneys' fees of no more than 25% of the Settlement Fund (or up to $1,750,000) and payment of expenses of no more than $230,000 from the Settlement Fund, which may include the expenses of Lead Plaintiff pursuant to the Private Securities Litigation Reform Act of 1995. The Court may change the date of the Settlement Hearing without providing another notice. You do NOT need to attend the Settlement Hearing in order to receive a distribution from the Net Settlement Fund.

---

[1] The complete terms of the Settlement are in the Stipulation and Agreement of Settlement, dated November ___, 2018, which can be viewed at www._____.com.

IF YOU ARE A MEMBER OF THE SETTLEMENT CLASS, **YOUR RIGHTS WILL BE AFFECTED BY THE SETTLEMENT** AND YOU MAY BE ENTITLED TO SHARE IN THE NET SETTLEMENT FUND.  If you have not yet received the full Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses (the "Notice") and a Proof of Claim and Release form ("Claim Form"), you may obtain copies of these documents by contacting the Claims Administrator or visiting its website: *In re Extreme Networks Securities Litigation,* Claims Administrator, P.O. Box _____, [City, State Zipcode], Phone: (___) ____-_____, www._____.com.  Inquiries may also be made to Lead Counsel: Labaton Sucharow LLP, Carol C. Villegas, Esq., 140 Broadway, New York, NY 10005, Tel: (888) 219-6877, www.labaton.com, settlementquestions@labaton.com.

If you are a Settlement Class Member, to be eligible to share in the distribution of the Net Settlement Fund, you must submit a Claim Form *postmarked or received no later than _____ __, 2019.*  If you are a Class Member and do not timely submit a valid Claim Form, you will not be eligible to share in the distribution of the Net Settlement Fund, but you will nevertheless be bound by any judgments or orders entered by the Court in the Action.

If you wish to exclude yourself from the Settlement Class , you must submit a written request for exclusion in accordance with the instructions set forth in the Notice such that it is *received no later than _____ __, 2019.*  If you are a Settlement Class Member and do not exclude yourself from the Class, **you will be bound** by any judgments or orders entered by the Court in the Action.

Any objections to the Settlement, Plan of Allocation, and/or Lead Counsel's Fee and Expense Application must be filed with the Court in accordance with the instructions set forth in the Notice so that they are *received no later than _____ __, 2019.*

**PLEASE DO NOT CONTACT THE COURT, DEFENDANTS, OR DEFENDANTS' COUNSEL REGARDING THIS NOTICE.**

Dated: _____, 2019

BY ORDER OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA