# Exhibit 1

1  **LABATON SUCHAROW LLP**
   Carol C. Villegas *(pro hac vice)*
2  Alec T. Coquin *(pro hac vice)*
   140 Broadway
3  New York, NY 10005
   Telephone: (212) 907-0700
4  Facsimile: (212) 818-0477
   Email: cvillegas@labaton.com
5         acoquin@labaton.com

6  *Attorneys for Lead Plaintiff and Lead Counsel
   for the Class*
7
   **BERMAN TABACCO**
8  Nicole Lavallee (SBN 165755)
   A. Chowning Poppler (SBN 272870)
9  44 Montgomery Street, Ste. 650
   San Francisco, CA 94111
10 Telephone: (415) 433-3200
11 Facsimile: (415) 433-6382
   Email: nlavallee@bermantabacco.com
12        cpoppler@bermantabacco.com

13 *Liaison Counsel for the Class*

14                     **UNITED STATES DISTRICT COURT**
15                     **NORTHERN DISTRICT OF CALIFORNIA**
16                              **SAN JOSE DIVISION**
17

| | |
|---|---|
| In re EXTREME NETWORKS, INC. SECURITIES LITIGATION<br><br>This Document Relates to:<br><br>All Actions. | Master File No. 5:15-cv-04883-BLF-SVK<br><br>**DECLARATION OF ROD GRAVES, DEPUTY DIRECTOR OF ARKANSAS TEACHER RETIREMENT SYSTEM, IN SUPPORT MOTION FOR APPROVAL OF CLASS ACTION SETTLEMENT AND MOTION FOR ATTORNEYS' FEES AND EXPENSES**<br><br>Date:   June 20, 2019  1:30 p.m.<br>Dept.: Courtroom 4, 5th Floor<br>Judge: Hon. Beth Labson Freeman |

I, ROD GRAVES, declare as follows pursuant to 28 U.S.C. § 1746:

1. I am the Deputy Director of Arkansas Teacher Retirement System ("ATRS"), the Court-appointed Lead Plaintiff in the above-captioned securities class action (the "Action").[1] ATRS is a public pension fund organized in 1937 to provide retirement, disability, and survivor benefit programs to active and retired public teachers of the State of Arkansas.  ATRS is responsible for the retirement income of these employees and their beneficiaries.  As of June 30, 2018, ATRS's defined benefit plans served more than 125,000 active and retired members and their beneficiaries, and ATRS had over $17 billion in assets under management.

2. I respectfully submit this declaration in support of (a) approval of the proposed class action settlement and plan of allocation for the proceeds of the Settlement and (b) Lead Counsel's motion for an award of attorneys' fees and litigation expenses, which includes ATRS's application for reimbursement of costs and expenses pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA").

3. I have personal knowledge of the matters set forth in this declaration, as I, or others working with me, have been directly involved in monitoring and overseeing the prosecution of the Action, and I could and would testify competently thereto.

**ATRS's Oversight of the Litigation on Behalf of the Settlement Class**

4. ATRS understands that the PSLRA was intended to encourage institutional investors with large losses to seek to manage and direct securities fraud class actions.  ATRS is a large, sophisticated institutional investor that committed itself to vigorously prosecuting this litigation, through trial if necessary.  In seeking appointment as a lead plaintiff in the case, ATRS

---

[1] All capitalized terms used herein, unless otherwise defined, have the same meanings as set forth in the Stipulation and Agreement of Settlement (the "Stipulation"), dated November 30, 2018. ECF No. 156-1.

understood its fiduciary duties to serve the interests of the class by participating in the management and prosecution of the case.

5. Since ATRS's appointment as Lead Plaintiff on June 28, 2016, I and the former Executive Director of ATRS, George Hopkins, who retired on November 16, 2018, have monitored and been engaged in all material aspects of the prosecution and resolution of this litigation. Among other things, we met with our attorneys and spoke with them on a regular basis to discuss the status of the case and counsel's strategy for the prosecution, and eventual settlement, of the case. ATRS also reviewed pleadings and other material documents during the litigation. I also attended the May 2016 hearing on our motion for appointment as lead plaintiff.

**ATRS Endorses Approval of the Settlement**

6. Based on its involvement throughout the prosecution and resolution of the Action, ATRS believes that the proposed Settlement is fair, reasonable, and adequate and in the best interest of the Settlement Class. ATRS believes that the proposed Settlement represents a favorable recovery for the Settlement Class, particularly in light of the substantial risks of continuing to litigate the Action, and it endorses approval of the Settlement by the Court.

**ATRS Supports Lead Counsel's Motion for an Award of Attorneys' Fees and Payment of Litigation Expenses**

7. ATRS also believes that Lead Counsel's request for an award of attorneys' fees in the amount of 25% of the Settlement Fund is fair and reasonable. ATRS has evaluated Lead Counsel's fee request in light of the efficient work performed, the risks and challenges in the litigation, as well as the recovery obtained for the Settlement Class. ATRS understands that Lead Counsel will also devote additional time in the future to administering the Settlement. ATRS further believes that the litigation expenses requested are reasonable, and represent the costs and expenses that were necessary for the successful prosecution and resolution of this case. Based on the foregoing, and consistent with its obligation to obtain the best result at the most

efficient cost on behalf of the Settlement Class, ATRS fully supports Lead Counsel's motion for attorneys' fees and payment of litigation expenses.

**Work Performed by ATRS on Behalf of the Settlement Class**

8. Since ATRS's appointment, I and the former Executive Director, George Hopkins, monitored and were engaged in all material aspects of the prosecution and resolution of this litigation.

9. ATRS understands that reimbursement of a lead plaintiff's reasonable costs and expenses, including lost wages, is authorized under §21D(a)(4) of the PSLRA, 15 U.S.C. §78u-4(a)(4). Consequently, in connection with Lead Counsel's request for payment of litigation expenses, ATRS seeks reimbursement in the amount of $2,180.80, which represents the cost of the 25 hours that ATRS devoted to supervising and participating in the litigation.

10. In total, I dedicated at least 15 hours to this Action on behalf of ATRS. This was time that I did not spend conducting ATRS's usual business. My effective hourly rate is $72.78 per hour. The total cost of my time is $1,091.70.

11. In total, Mr. Hopkins dedicated at least 10 hours to this Action on behalf of ATRS. This was time that he did not spend conducting ATRS's usual business. His effective hourly rate is $108.91 per hour. The total cost of his time is $1,089.10.

**Conclusion**

12. In conclusion, ATRS endorses the Settlement as fair, reasonable, and adequate, and believes it represents a favorable recovery for the Settlement Class in light of the significant risks of continued litigation. ATRS further supports Lead Counsel's attorneys' fee and litigation expense request and believes that it represents fair and reasonable compensation for counsel in

DECLARATION OF ROD GRAVES, DEPUTY DIRECTOR OF ARKANSAS TEACHER RETIREMENT SYSTEM
CASE NO. 5:15-CV-04883-BLF-SVK                                                                                              3

light of the work performed, the recovery obtained for the Settlement Class, and the attendant litigation risks.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 7 day of May, 2019 at Little Rock, Arkansas.

*/s/ Rod Graves*
Rod Graves
Deputy Director
Arkansas Teacher Retirement System